THE STATE *ex rel.* SCHOOL DISTRICT NUMBER 117, *Appellant,* v. SCHOOL DISTRICT NUMBER 15.

Schools and School Districts : APPORTIONMENT OF FUNDS : NEW DISTRICT : MANDAMUS. At the annual meeting of school districts, numbers 15 and 16, on the first Tuesday in April, 1882, district number 117 was formed out of territory belonging to them, taking forty children which, at the enumeration between March 15 and April 1, 1881, belonged to district number 15. In March, 1882, the state superintendent, as required by law, apportioned the public funds

among the counties on the enumeration of 1881, and the county clerk apportioned the amount to the districts on the same enumeration, district number 15 receiving funds according to the enumeration made before the creation of the new district. *Held,* that mandamus will not lie at the relation of the new district to compel district number 15 to draw its warrant on the county treasurer for ninety-three dollars representing the forty children transferred to the new district, the statute (R. S., sec. 7122) having been strictly followed in making the apportionment, and there being no provision for such cases.

*Appeal from Vernon Circuit Court.*—Hon. Charles G. Burton, Judge.

Affirmed.

*Scott & Hoss* for appellant.

When a school district is, at an annual meeting, formed out of two other districts, and an enumeration of scholars has been made residing in the two old districts the year previous, then should such new district receive that proportion of the public school fund distributed under Revised Statutes, section 7122, represented by the number of scholars in such new district who had resided in and been enumerated with the scholars of said old districts, when such distribution was made before the new district had an opportunity under the law to make an enumeration of the scholars residing therein, as required by section 7122? The only reason that could be urged why this new district should not have this money is, that "*ita lex scripta est,*" and in this case the answer to that argument is "*qui haeret in litera, haeret in cortice.*" "A thing which is within the object, spirit and meaning of a statute is as much within the statute as if it were in the letter." Dwarris, 176. "Statutes must be interpreted according to their intent and meaning, and not always according to the letter." 6 Am. Rules, 144; *Railroad v. Howell,* 11 N. W. Rep. 106.

*T. J. Myers* for respondent.

Revised Statutes, sections 7024 and 7025, make provision for division of the real property of a school district; but there is no provision in the law for dividing the personal property of a district when a portion thereof is detached. The funds claimed by appellant were properly credited to school district number fifteen, as directed by Revised Statutes, section 7122, and the board of directors has no control over the same except to issue warrants thereon in payment of teachers' wages (*Rice v. McClelland*, 58 Mo. 116; R. S., secs. 7071–73); and to issue their warrant on the teachers' fund in favor of another school district for any purpose whatever would be a violation of the law which would subject them to criminal prosecution. A school district is not entitled to any portion of the state school funds until a public school shall have been maintained therein for at least three months during the year for which the distribution is made. Const. of Mo., art. II, sec. 2. Mandamus will not lie to collect an ordinary indebtedness before the indebtedness is reduced to a judgment. *State v. Clay Co.*, 46 Mo. 231; *Mansfield v. Fuller*, 50 Mo. 338. If appellant is entitled to the fund demanded that fund should have been placed to its credit by the county clerk and county treasurer at the time the distribution was made, and this proceeding should have been instituted against those officers and not against respondents herein, who have done no wrong and been guilty of no neglect of official duty.

BLACK, J.—The relators, who are directors of school district number 117, in Vernon county, sued out an alternative writ of mandamus, seeking thereby to compel the respondents, who are directors of district number 15, to draw their warrant on the county treasurer for

ninety-three dollars. The writ was quashed, and the question here is, whether the writ recites facts to warrant the relief asked.

The material facts disclosed by the writ are, that at the annual meeting of districts 15 and 16 for the year 1882, which, by law, was held on the first Tuesday of April, a new district, numbered 117, was formed out of territory belonging to those districts. Forty of the children, who resided in district 15 at the enumeration made in 1881, which is required to be made between fifteenth of March and first day of April, became residents of the new district by reason of the formation thereof. In March, 1882, the state superintendent apportioned the public funds among the counties on the enumeration made in 1881, and certified the same to the county clerk of Vernon county; and the clerk thereupon apportioned the amount to that county among the school districts on the basis of the enumeration in his office, which was that of 1881. On this basis there was placed to the credit of district 15 the funds going to it on the enumeration made before the creation of the new district. It is alleged that the forty children transferred to the new district represent ninety-three dollars of the fund thus placed to the credit of district 15, and this is the fund which relators seek to obtain.

That it was the duty of the state superintendent, and of the county clerk, to make the apportionments at the time and on the enumeration then before them, is not denied. This duty is clearly enjoined upon them by Revised Statutes, section 7122. At the time these apportionments were made they had, and could have had, before them only the enumeration of 1881. It cannot be said that these officers have done other than follow the plain dictates of the statute. It would seem to be fair that the fund should follow the children, on whose account it was apportioned, into the new district; but the statute makes no provision for such cases, and

we are not at liberty to make a law to accord with what may appear to us to be an equitable distribution. The difficulty here met is perhaps removed by the act of March 4, 1885 (Laws, p. 237), changing the date at which the apportionment is made, but it does not affect the present case. Our attention is not called to any law by which the relators are entitled to the relief demanded, and the judgment is affirmed. All concur.