Morrow v. Surber.

97 155,
105 630
44a 253
97 155
121 348
97 155
161 151

MORROW, *Treasurer*, v. SURBER, *Appellant*.

1. **Jurisdiction**: REVENUE LAW. The supreme court has jurisdiction of an appeal in a cause fairly involving a construction of the revenue law.

2. **Revenue**: REGISTRATION OF WARRANTS: SPECIAL FUND. A county warrant issued on a fund created by a special act which provides no means for its disbursement, must be presented for payment and registered under the general revenue law.

3. **Practice**: VARIANCE. It is not necessary for a plaintiff to prove all the facts alleged in his petition, but only sufficient of the allegations to make a cause of action.

4. —— : —— : CASE ADJUDGED. Where, in an action to recover money paid by mistake, certain misrepresentations by defendant to plaintiff's clerk are alleged, and the mistake affords sufficient grounds for relief, it is not necessary to prove the misrepresentations.

5. **Mistake**: RECOVERY : COUNTY TREASURER. Where a county treasurer pays a warrant not yet payable, an action will lie on his part for the recovery of the money so disbursed.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell* for appellant.

(1) This was an action against Surber and Walker to recover back money obtained by them from the plaintiff by fraud and deceit. It is an action of tort. Plaintiff must recover, if at all, upon the cause of action stated in his petition. He cannot allege one cause and recover on another. Here was not simply a variance, but an utter failure of proof to sustain the allegations of the petition, and plaintiff could not recover, at least,

without amending his petition; and hence the instruction given for plaintiff should have been refused. *Harris v. Railroad*, 37 Mo. 307; *Ensworth v. Barton*, 60 Mo. 511; *Clements v. Yates*, 69 Mo. 623. (2) The court instructed for plaintiff that he could recover as against Surber, if other warrants were registered and unpaid prior to that of defendant, "if the evidence shows the plaintiff has tendered to defendant his warrant." There was no evidence that plaintiff ever tendered to defendant his warrant. It ceased to be a warrant after it was cancelled by the treasurer. It was *functus officio*. And proof that it was tendered to defendant in its mutilated and cancelled condition was no proof that "plaintiff has tendered to defendant his warrant." The second and third instructions asked for by the defendants should have been given in connection with the proviso contained in the plaintiff's instruction. R. S. secs. 5411, 5412, 5413, 5414. Plaintiff did not offer to place the defendant *in statu quo*, but seeks to recover the money without leaving with defendant any valid evidence of his claim on said fund. (3) Defendant's first instruction should have been given as asked. The act of 1865, under which these bonds were issued, make no provision for the exchange of warrants for the bonds, and makes no provision for the registration of either bonds or warrants.

*Sears & Guthrie* with *Eli J. Newton* for respondent.

(1) Appellant's position, that the court erred in finding the issues for plaintiff, is not sustained by the pleadings, or the evidence. The petition in the cause alleges that the money was paid by mistake, and by representations that were not true he obtained the money. (2) Appellant's position, as shown by his answer and instructions, is that the statutory provisions relative to issue, registration, and payment of warrants

have no relation or application to such a case as this. R. S. 1879, secs. 5370, 5371. (3) If the position of the appellant be correct, why surrender his bonds and coupons, and procure a warrant? The United States courts and the state courts have decided that holders of these bonds and coupons could require the county court to issue warrants in place of the bonds and coupons. A large number of these warrants have been issued. *United States v. County*, 96 U. S. 211. (4) It is plain from the evidence that Walker knew that appellant was not entitled to the payment of the warrant, out of the funds on hand, and by his representations he induced Cunningham to commit the error of paying by mistake the warrant. Money paid under a mistake of fact may be recovered back by the payor; and the right of action arises upon a want of actual knowledge of the true state of facts. It is not destroyed by the circumstance that the payor had means of better information, which he failed to use. *Harris v. Board of Education*, 3 Mo. App. 570. (5) To preclude the respondent from recovering back the money paid by mistake of his clerk, it must appear that it was made with a full knowledge of all the facts, and under circumstances repelling all presumption of fraud or imposition. *Foster v. Kirby*, 31 Mo. 496; *Ins. Co. v. Walsh*, 18 Mo. 229; *Lawrence v. Bank*, 54 N. Y. 432; *Meredith v. Haynes*, 19 C. L. J. 133; Daniel Neg. Ins. secs. 1226, 1369; *Koontz v. Bank*, 51 Mo. 275; *Franker v. Little*, 11 Rep. 688.

RAY, C. J.—This was a suit by Jefferson Morrow, the treasurer of Macon county, to recover back about five hundred dollars paid to defendant Surber, on the following warrant:

"The treasurer of the county of Macon, will pay to William Surber $498.12 out of any money in the treasury, appropriated for payment on M. and M. bonds, belonging to M. and M. fund.

"Given at the courthouse this 8th day of October, 1879. By order of the court.

"JOHN H. OSBORNE, President.

"Test: JAS. G. HOWE, Clerk."

Wm. G. Walker was also made a party defendant, but the suit was dismissed as to him at the trial.

On the back of this warrant was the following endorsement: "Presented and not paid, for the want of funds, October 9, 1879. P. TRAMMEL, Treasurer Macon county."

The amended petition, after setting out plaintiff's official character, and the fact of the issue and registration of said warrant, alleges that at the time said warrant was registered, there was a large amount of warrants drawn on said fund and registered and payable before said warrant, which fact both the defendants knew; that since October 9, 1879, there was no money in the treasury, or in his hands, applicable to the payment of said warrant; and that at the time the same was presented for payment, there was no money in the treasury belonging to the M. and M. fund to pay the same, all of which defendants well knew; that on the seventh of February, 1884, the defendant Surber had defendant Walker to present said warrant for payment at the treasurer's office; that at the time same was presented, the plaintiff was temporarily absent from his office by reason of illness, and the office was then in charge of his clerk, to whom the same was presented for payment, with full knowledge of all the facts ; that said Walker, with the view to deceive said clerk and thereby secure the illegal payment of said warrant, falsely and fraudulently stated and represented to him that said warrant was due and payable, and that the money in the treasury, belonging to the M. and M. fund, was applicable to the payment of said warrant, which statements were untrue and known to be so by said Walker ; that said clerk was ignorant of the facts and of the prior registration of

other warrants, and relying upon the representations of said Walker, paid off said warrant, amounting to $505.92, out of the said M. and M. fund ; that said payment was a mistake, induced by the ignorance of the clerk in regard to the matter, and the wilful, false representations of said Walker ; that by reason of the premises the defendants became indebted to the plainiff in the sum of $505.92, for which he prays judgment ; that plaintiff brings the said warrant into court and offers to return same to defendants.

The answer admits the payment of the money on the warrant at the time and place as alleged, and puts in issue the other allegations of the petition ; alleges that said warrant was presented for payment in good faith, and that it was presented at that particular time because plaintiff had published in a newspaper that he had on hand in the treasury, belonging to the M. and M. fund, over eight hundred dollars, and notifying the holders of warrants to present them for payment ; that the law under which said warrant was issued did not provide for registration, but required the treasurer to pay the same when presented, out of any money in his hands belonging to said M. and M. fund, without regard to priority of registration ; that the said warrant, brought into court and offered to be returned to defendants, has been cancelled, with holes punched through the signature of the judge and clerk ( Osborne and Howe ), and by the words written across the same in red ink— "Cancelled February 7, 1884,"—and the same would be worthless and of no value whatever to defendants.

Plaintiff's reply was a general denial.

It will not be material to note the proceedings in the trial court in detail in view of the result we have reached. The amount involved is not sufficient to justify a review of the record here ; but the case fairly involves a construction of the revenue law, and hence we retain jurisdiction for that reason.

The decisive facts are substantially undisputed. Defendant was holder of the county warrant above mentioned, drawn against a particular fund. It had been registered for payment. Other like warrants had been previously registered of sufficient amount to exhaust the fund in question when this warrant was paid to defendant's agent by a clerk in charge of plaintiff's office during the latter's temporary absence. The fund against which the warrant was drawn was that raised by the tax of one-twentieth of one per. cent. mentioned in the act of 1865, regarding the incorporation of the Missouri and Mississippi railroad company. Acts. 1865, p. 86, sec. 13. There was evidence tending to show that the payment by the clerk was made in ignorance of the fact that other warrants were earlier registered and thereby entitled to priority over that of defendant.

The pleadings and proofs show that the application of the county fund in question to the payment of defendant's warrant was entirely illegal, if the law requiring the registration of warrants applies to those drawn against that fund. This is the question in the case involving the construction of the revenue law applicable to that subject. The act of 1865 ( Session Acts, 1865, p. 86, sec. 13 ), under which the fund in question was raised for the payment of certain railroad bonds and interest, is a special law. It provides for the creation of the fund, but it does not purport to provide a method for disbursing it. Hence, it is not inconsistent with the general law requiring all warrants to be presented and registered for payment and paid out of the funds mentioned in such warrants in the order in which they shall be presented for payment. R. S. sec. 5370.

The rule established by this statute for the registration of warrants was intended to apply the just principle which it embodies to all warrants, and thus prevent the unseemly scramble among claimants which otherwise might result where the fund was at any time

insufficient to meet all the demands against it. The rule thus declared provides an orderly system of payments applicable alike to warrants such as that here in question, as well as to others of a more general nature. We, hence, consider that this warrant was not lawfully payable when presented to plaintiff's clerk as above mentioned.

The petition stated, and there was proof tending to show, that the clerk, who assumed to pay defendant's warrant, was ignorant of the facts rendering such payment improper, and the trial court so found. The petition also alleged certain misrepresentations of defendant's agent. Defendant now claims that there was a variance between the pleadings and proofs. The petition alleged that said payment was made by the clerk by reason of his ignorance of the facts, as well as by reason of such misrepresentations. It was not necessary for plaintiff to prove all the facts alleged, but only sufficient of the allegations to make a cause of action. This he did. Such a mistake as is here described furnishes ground for recovery of the money in this action. The plaintiff is the custodian of the county funds and sues here in his official capacity. He is agent of the county for the purposes defined by law, and the public is bound to take notice of the limitations of his agency. He cannot give away county funds or disburse them contrary to law. Any such disbursement is entirely invalid. If this case were between private citizens, the undisputed facts would support the judgment given by the circuit court under the settled law of this state. *Columbus Ins. Co. v. Walsh,* 18 Mo. 229; *Koontz v. Bank,* 51 Mo. 275.

For a stronger reason the principles declared in those decisions support that judgment where the subject of the payment was the public moneys and the mistake was made by the official custodian.

There is no error in the record, and the judgment is hence affirmed. All concur.