STATE OF MISSOURI, ex rel. SCHOOL DISTRICT NUMBER 87, Respondent, v. F. E. SHUCK et al., Directors of School District Number 51, Appellants.

### Springfield Court of Appeals, November 23, 1914.

COURTS: Jurisdiction: Supreme: Appellate: Revenue Laws: School District Funds. Mandamus by a school district to compel the directors of another district from which relator had been formed (section 10837, R. S. 1909) to pay to relator a certain portion of the school fund for the year during which the new district was formed. The action involving the construction of the revenue laws, *held* that the court of appeals had no jurisdiction of the appeal it being within the exclusive jurisdiction of the Supreme Court. (Constitution, Art. 6, Section 12.)

Appeal from Crawford County Circuit Court.—*Hon. L. B. Woodside,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*A. H. Harrison* for appellants.

*Harry Clymer* for respondent.

ROBERTSON, P. J.—At the regular annual school meeting of school district number 51 of Crawford county, held April 2, 1912, there was submitted and carried a proposition to divide and detach therefrom a portion thereof and to form a new district, which was numbered 87, under section 10837, Revised

Statutes 1909, and thereafter, on July 10, 1912, the board of directors of the two districts, in pursuance of section 10840, met to divide the property as required by section 10839, and after an agreement had been reached the directors of district 51 issued and delivered to the directors of said district 87, the following: "We, the undersigned directors of School District number 51, township 38, range 4 and 5, Crawford county, Mo., acting for aforesaid district, hereby agree to pay to district number 87, township 38, range 4 and 5, the sum of one hundred sixty dollars ($160) for their interest in school property and money in treasury in said district number 51. Said sum to be paid as follows, one hundred dollars cash and sixty dollars by the first of January, 1913. If said sixty dollars be not paid when due to bear interest from maturity at the rate of five per cent per annum."

The cash payment was made. When the apportionment, $80.77, from the office of the State superintendent of schools for the year 1912, reached the office of the county clerk August, 1912, under section 10822 (amended Laws 1911, page 398) it was by the clerk paid to the county treasurer on the 31st day of that month, $40.39, to the credit of district 51 and $40.38, to the credit of district 87. The latter district, not having any school house, had no school or attendance for the year ending June 30, 1912, and made no report to the county clerk as provided for in said section 10822, as amended, but district 51, made the report upon which the apportionment from the office of the State superintendent was based. This report showed the "length of school term in days, 160." The attendance therein disclosed was shown by the testimony to have been divided about equally between the two districts. The children in district 87 had the right, under section 10843, to attend the school in district 51 until June 30, 1912. When the directors of district 51 learned of the division of the State funds being

made in the manner aforesaid they remonstrated and afterwards tendered to the directors of district 87 the balance of sixty dollars agreed to be paid on the division of July 10th, above quoted, less the amount the county clerk had turned over to the county treasurer out of said State funds. No adjustment of the controversy having been reached the directors of district 87 petitioned for and obtained from the circuit court an alternative writ of mandamus to require the directors of district 51 to pay the $60 balance provided for in said writing of July 10th, after it was due and after demand had been made therefor. The directors of district 51 made return to the alternative writ alleging in defense the facts as we have detailed them and alleging and renewing the tender of the $60 balance, less the amount paid to the county treasurer out of said State apportionment. A trial resulted in a peremptory writ being awarded and respondents there, appellants here, have appealed. There is no dispute about the facts necessary to a decision.

There is nothing to determine in this case, except the amount for which district 51 should draw its warrant in favor of district 87. When this question is determined there is nothing left but the ministerial act of issuing the warrant. The directors have no further discretionary choice and no judgment to exercise after the law on the admitted facts declared. The amount which district 51 agreed to pay district 87 is admitted and the section under which the agreement was made makes it the duty of the board to issue the warrant. Mandamus will, therefore, lie. [State ex rel. v. Mason, 153 Mo. 23, 55 and 56, 54 S. W. 524; State ex rel. v. Baker, 32 Mo. App. 98, 101.]

The solution of the questions involved turns exclusively on the construction of said section 10822, as amended. If district 87 is entitled to the $40.38 set aside for it such claim can be established only by

said section and if district 51 is entitled to the whole of the apportionment that is the law which determines its rights. It is insisted in behalf of district 87 that when the division of property was made under section 10839, this apportionment was not considered, and district 51 insists that if any part of said fund belonged to the new district under said section 10822, as amended, the amount was, as a matter of law included in the division. A consideration of either of these contentions leads to a construction of said last-named section.

Our conclusion that this case turns on the meaning to be given said section 10822, as amended, leads us to, "the construction of the revenue laws of this State" (Section 12, Art. VI, Constitution), which deprives us of jurisdiction. In the leading case on that question, State ex rel. v. Adkins, 221 Mo. 112, 118, 119 S. W. 1091, it is held: "That the term 'revenue law' covers and includes laws relating to the disbursement of the revenue." In a case similar to this, where the amount in dispute was $93.00 (State ex rel. v. School District, 90 Mo. 395, 2 S. W. 420), the Supreme Court assumed jurisdiction. Should we undertake to say where the apportionment involved belongs we would be construing a law that relates to the distribution of the revenue. [State ex rel. Town of Commerce v. Frazer, 168 S. W. 669.] It follows that we must transfer this case to the Supreme Court, which is accordingly done.

*Farrington, J.,* concurs.

*Sturgis, J.,* concurs, but expresses no opinion as to mandamus being the proper remedy.