THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT, v. LUCY HUGHES, RESPONDENT.—133 S. W. (2d) 430.

In the Springfield Court of Appeals. May 1, 1939.

38

*Roy McKittrick,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

SMITH, J.—This is an appeal from a decision of the Circuit Court restoring respondent to the old age assistance roll of Missouri as of the date she was stricken from the roll. The uncontroverted facts in this case seem to show that the respondent, Lucy Hughes, was formerly on the old age assistance roll of Missouri and was receiving $9 per month. On October 14, 1937, she was stricken from the roll. She requested a hearing before the State Commission, which was granted, and the State Commission affirmed the former decision, striking the

respondent from the roll. An appeal was then taken to the Circuit Court of Greene County. A hearing was had and the court, on October 20, 1938, found that the respondent had been unjustly stricken from the roll and that she was entitled to receive assistance from the date she was stricken from the roll, October 14, 1937, and ordered that she be restored to the old age assistance roll as of that date, with back pay from October 14, 1937.

From this judgment an appeal to this court was had. The Attorney General has furnished us a brief on behalf of the appellant. The respondent has not seen fit to file a brief, although her attorney appeared and made oral argument.

In the first paragraph of the Attorney General's statement, we find this language:

"There is only one question before this court on appeal. Appellant does not question the jurisdiction of the lower court in ordering the respondent placed on the roll. Under the evidence adduced at the trial in the lower court, appellant and respondent agree that the respondent is eligible to receive old age assistance, but appellant does question the jurisdiction of the circuit court to restore the respondent to the old age assistance roll as of the time she was stricken therefrom, and this constitutes the appeal in this case.

"Therefore, since this is nothing more than a jurisdictional question, as disclosed by the judgment rendered in the lower court, we have excluded all evidence in the bill of exceptions. Neither have we in this abstract of the record or brief set out any of the evidence as it has no bearing in determining the question involved in this appeal."

In the very last paragraph of his argument, the Attorney General says:

"Therefore, appellant respectfully requests that this judgment be reversed and the cause be remanded with instructions to the lower court to enter up judgment for respondent as of the date judgment was rendered."

It seems that a determination of this case requires a construction of the State Social Security Act. [Laws of Missouri, 1937, page 467.] The particular question in this case seems to have never been passed on by the courts of this State. The admitted facts in this case show that the applicant had been placed on the roll as being entitled to compensation and that she was being paid benefits. This was presumably done under the provisions of section 15, page 475, Acts of 1937. Under the provision of this section, the State administrator, or some one designated by him, decided that the applicant was eligible for benefits and determined the date on which said benefits began. She was drawing benefits under this determination until on October 14, 1937, she was stricken from the roll and the benefits were cancelled, and payments stopped, and after that date she drew no more

benefits. Section 16, page 475, of the Acts of 1937, provides that if any benefits are cancelled, the applicant may appeal to the State Commission which was done. The State Commission, on June 5, 1938, after a hearing, made the following awards:

"That the claimant does not come within the purview of the statute, as she has adequate means of support, income or other resources to provide a reasonable subsistence compatible with decency and health. Therefore, claimant's application for old age assistance is denied."

Thereafter the applicant appealed to the Circuit Court of Greene County where on October 20, 1938, a judgment was rendered in favor of the applicant. The judgment in full is set out in the abstract. The part of such judgment complained of in this appeal is as follows:

"4th: The Court finds that the said plaintiff was erroneously, unjustly and arbitrarily striken from the rolls of said defendant, and that said act was without just cause or excuse, and the evidence adduced conclusively shows that the plaintiff is entitled to all the assistance which she was drawing at the time of being stricken from the rolls of the defendant, on the 14th day of October, 1937.

"WHEREFORE, it is ordered adjudged and decreed by the Court, that the said Plaintiff, Lucy Hughes, be and she is hereby restored to her place upon the rolls of the defendant, the State Social Security Commission of Missouri, with back pay from October 14, 1937."

The two points in the motion for new trial presented to the trial court were:

"1. Said finding and judgment of the Court is against the law.

"2. The Court erred in placing plaintiff upon the Old Age Assistance roll as of October 14th, 1937, the date she was stricken from said roll instead of placing plaintiff on said roll as of the 20th day of October, 1938, date of judgment."

As we view it, the law in this case specifically provided for in section 16, page 475, Laws of 1937, is that if any benefits are cancelled, the applicant may appeal to the State Commission, and upon that appeal, "The State Commission shall determine all questions presented by the appeal." We are not furnished the evidence that was presented to the State Commission, but we may reasonably assume that one of the questions presented was as to whether the applicant should have been removed from the roll and her payments stopped on October 14, 1937. That was at least one of the issues presented by her appeal. Section 16 further provided, that when the State Commission acted, the applicant, if aggrived, could then appeal to the circuit court of her county. This was done. Section 16 provides that such appeal shall be tried in the circut court *de novo*. It must be remembered that section 16 covers appeals in all the grounds in connection with the application for benefits as provided in section 14, Laws 1937, which benefits are defined as follows:

"The term benefits as used herein or in this Act shall be construed to mean:

"(1) Pensions or Old Age Assistance;

"(2) aid to dependent children;

"(3) aid or public relief to individuals in cases of public calamity;

"(4) money or services available for child welfare services;

"(5) any other grant, aid, pension or assistance administered by the State Commission."

Considering section 16 with reference to appeals by the applicant, we cannot escape the conclusion that the question at issue was the cancellation of benefits on October 14, 1937. That at least one of the issues before the State Commission and before the circuit court on the appeal taken by the applicant. It was one of the issues to be determined by the court. In determining that issue, the testimony would of necessity have to be as to the conditions and surrounding of the applicant as of that date. In other words, were the conditions such as of that date to show that the benefits were properly or improperly cancelled? We think and hold that the court had jurisdiction to determine the propriety of impropriety of the cancellation of the benefits as of October 14, 1937. In other words the trial court was within its jurisdiction in holding that the appellant was erroneously stricken from the rolls as of that date. We also think and hold that the trial court was within its jurisdiction in holding as of the date of the trial October 20, 1938, that the applicant "is entitled to all the assistance which she was drawing at the time of being stricken from the rolls."

We are not unmindful of the provision of the law that the benefits provided by the act are not a fixed and continuous benefit, but are such that may be changed or entirely withdrawn upon the changed condition of the applicant. The law provides for this in section 17 of the act, which reads as follows:

"SECTION 17. BENEFITS GRANTED MAY BE RECONSIDERED.—All benefits granted may be reconsidered by the State Administrator as frequently as he may deem necessary. After such further investigation the amount of a benefit may be changed or entirely withdrawn."

We think that provision of section 16 which says, "Such appeal shall be tried in the Circuit Court de novo on the sole question of whether the applicant is entitled to benefits and not as to the amount thereof," means, as to a complaint for cancelling benefits, a determination as to whether or not the claimant is entitled to benefits as of the date of cancellation and not as to the amount thereof. It also means that the trial court may determine whether the claimant is entitled to the benefits as of the date of trial, but as we view it, the statute does not give the trial court the right to determine how long the benefits may continue. Section 17 leaves that to the State Ad-

42

ministrator. The trial court had a right to determine whether or not the claimant was entitled to benefits on October 14, 1937, and on October 20, 1938, the date of trial before the circuit court, but as to the conditions after the date of trial, that is up to the State Administrator.

It is our conclusion that the trial court had jurisdiction of the cause to determine the rights of the applicant as of the date of the cancellation of her payments as well as the date of the trial and the judgment should be affirmed as to the findings as of these dates. As we understand the trial court's ruling as to "back pay," it does not undertake to determine the question of pay after the date of the judgment of the trial court. We think in the light of the Act of 1937, and especially section 17 thereof, the length of time of such payments after the date of trial is a subject of consideration by the State Administrator. We find no cases directly construing this act on this point, but the act is fairly susceptible to this construction, and we are in line with decisions construing somewhat similar statutes under the Workmen's Compensation Acts. These are Carlton v. Henwood (Mo. App.), 115 S. W. (2d) 172, 180, and cases there cited.

The judgment is affirmed.. *Allen, P. J.,* and *Fulbright, J.,* concur.