MARY E. WHITE, Relator, v. STATE SOCIAL SECURITY COMMISSION, Appellant.—137 S. W. (2d) 569.

Division One, March 6, 1940.

*Roy McKittrick*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for appellant.

HYDE, C.—This is an appeal by the State Social Security Commission from the following judgment of the Circuit Court of Buchanan County:

"Mary E. White, claimant for benefit under the Social Security Laws, having submitted her claim to the Circuit Court of Buchanan County, Missouri, Division No. 3, and having had a hearing on the 10th day of October, 1938, and the court after seeing, and hearing the plaintiff (appellant) and the witnesses, and evidence in the case finds: (First nine findings in favor of claimant as to age, residence, property, etc., essential to eligibility for old age assistance are omitted).

" ' (10) That the part of Section 16 of Missouri's New Social Security Law set out in lines 15, 16, 17 and 18, and enacted in 1937, which denies the circuit court the right to pass on the amount to be allowed appellant is unconstitutional, for the reason that it is in conflict with Sec. 11 of said Statute; (11) that appellant comes within the purview of Missouri's New Social Security Law; that she is entitled to be and she is hereby restored, to the old age assistance roll, and that she is entitled to $23.00 per month old age assistance, which will maintain her in a reasonable manner, compatible with health and decency.'

"It is, therefore, ordered and adjudged by the court, that appellant be restored to the old age assistance roll, and that her old

age assistance be and the same is hereby fixed in the amount of $23.00 per month.''

The jurisdiction of this court is raised by a motion to transfer. [See Sec. 12, Art. VI, and Sec. 5, Amendment of 1884, Constitution of Missouri.] It is suggested that a constitutional question is raised by finding No. 10 in the judgment. Clearly the contention, that one section of the Act (creating the Commission and defining its duties) conflicts with another section thereof, raises only a question of construction of the Act and not a constitutional question. We also note that the motion for new trial assigns as a ground that the court's finding applicant to be entitled to such assistance is contrary to the amendment to the Constitution authorizing old age assistance (amendment to Art. IV, Sec. 47, adopted Nov. 8, 1932, Laws 1933, p. 478) because "the evidence clearly shows that said Mary E. White is not without means of support." Obviously this only raises the question of the sufficiency of the evidence to support the finding. We rule that there is no constitutional question involved.

It is suggested that a "State Officer is a party." However, no individual officer is a party. The parties are the applicant and the State Social Security Commission. It is not a state officer because it is a legal entity and a *quasi* public corporation as we have held in the case of the State Workmen's Compensation Commission, the State Highway Commission, and the State Public Service Commission, and for the same reasons. [See Secs. 4, 7 and 8, Social Security Act, p. 467, Laws 1937; State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 325 Mo. 153, 27 S. W. (2d) 1026; State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S. W. (2d) 37; State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S. W. (2d) 390.]

It is suggested that this is a case "involving the construction of the revenue laws of this State." Our attention is called to a decision of the Springfield Court of Appeals so holding. [Hughes v. State Social Security Commission, 133 S. W. (2d) 430.] This ruling is based upon the statement of that court, in State ex rel. School District No. 87 v. Shuck, 184 Mo. App. 511, 170 S. W. 431 (decided 273 Mo. 50, 199 S. W. 975), quoted from the opinion of this court in State ex rel. Hadley v. Adkins, 221 Mo. 112, 119 S. W. 1091, "that the term 'revenue law' covers and includes laws relating to the disbursement of the revenue." The Court of Appeals said "the controverted question in the instant case is the proper construction of the old age pension or assistance statute providing for the distribution of the State revenues out of the State Treasury," and that the judgment "affects directly, and not indirectly, the revenues of the State by requiring the payment out of the State Treasury of an old age pension or assistance to the respondent." However, we think the court overlooked the fact that the case before it (as did

this case) presented "the sole question of whether the applicant is entitled to benefits and not as to the amount thereof." [Sec. 16, Social Security Act, Laws 1937, p. 475.] Under the plain words thereof, anything more would be coram non judice and void. Therefore, the judgment could only legally establish the eligibility of the applicant to be granted benefits in an amount to be later determined by the Social Security Commission. Thus the judgment did not require and could not compel payment of any amount out of the State Treasury. The Social Security Act provides the method of payment upon monthly rolls prepared by the Commission showing the amounts it has determined for each applicant. [Sec. 19, Social Security Act, Laws 1937, p. 476.] Certainly, therefore, the judgment, establishing only eligibility for assistance, affects very indirectly even "the distribution of the State revenues out of the State Treasury." We have held that the determination of the question of whether a school district was legally organized, so as to have authority to levy taxes, did not directly involve the construction of the revenue laws in the constitutional sense. [White v. Boyne, 324 Mo. 176, 23 S. W. (2d) 107.]

In the Adkins case (221 Mo. 112, 119 S. W. 1091), the construction of the County Depository Law was involved. [Secs. 6817-6821, R. S. 1899, now Secs. 12184-12198, R. S. 1929.] This court pointed out that, because that law had "provisions relating to the payment of warrants" it was concerned with "the preservation and disbursement of the funds of the county arising from taxes or otherwise;" and that it also raised revenue because "the county itself obtains a share in the increment of gain arising from the use of its funds by banks of deposit" which "is disposed of for road and bridge purposes." This court there cited cases, concerning payment of warrants by the county treasurer, in which it had taken jurisdiction. [Morrow v. Surber, 97 Mo. 155, 11 S. W. 48; State ex rel. Exchange Bank v. Allison, 155 Mo. 325, 56 S. W. 467.] The statutes involved in those cases were laws concerning priority of warrants. They provided for the *methods* or mechanics of disbursement (not the *purpose* thereof) by custodians of public funds and were intended for the protection and preservation of the revenue in the governmental treasury. They had nothing to do with the construction of statutes stating the use to be made thereof when paid out of the treasury. In the Shuck case the question was the construction of Section 10822, Revised Statutes 1909, concerning the apportionment of the State public school fund to school districts. The facts of the Shuck case, show that "the disbursement of the revenue," considered therein, was disbursement by the proper collecting or transmitting officers (temporary custodians of the revenue acting as a conduit for it) *into* the treasury of the governmental entity, or subdivision of the State, which had the duty of using it for governmental purposes.

That case does not extend to and include disbursement *out of* such treasury for such governmental purposes.

We cannot hold that construction of the revenue laws of this State is involved in the determination of a party's status or claim, merely because this may entitle him to be paid some amount out of public funds. If that were true, why should we not take jurisdiction of all State Highway condemnation cases, since right of way may be paid for with State funds (see State ex rel. State Highway Commission v. Day, supra), or of teacher's suits against school districts for salary to be paid from school funds (see Edwards v. School District No. 73 of Christian County, 221 Mo. App. 47, 297 S. W. 1001), or of the determination of costs to be paid by the State in a criminal case (see State ex rel. Houser v. Oliver, 50 Mo. App. 217) or of any case involving a contract with the Highway Commission, or any other board of commission authorized to make contracts and be sued thereon, regardless of the amount involved, or even of all misdemeanor cases, in which there are fines, because fines assessed are paid into the school fund. The case of Hughes v. State Social Security Commission is overruled. We hold that the jurisdiction of the appeal in this case is in the proper Court of Appeals.

The case is transferred to the Kansas City Court of Appeals. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.