**Minta DUNNEGAN, Respondent,**

v.

**C. Rouss GALLOP, Director of the Department of Public Health and Welfare, Appellant.**

**No. 49610.**

Supreme Court of Missouri,

Division No. 2.

July 8, 1963.

Thomas F. Eagleton, Atty. Gen., Moody Mansur, Asst. Atty. Gen., for appellant.

No attorney for respondent.

BOHLING, Commissioner.

This is an appeal from a judgment of the Circuit Court of Butler County reversing and remanding for redetermination a decision of the Director of the Department of Public Health and Welfare denying the application of Minta Dunnegan for old age assistance. Consult Chapters 207 and 208. (Statutory references are to RSMo 1959, V.A.M.S., unless otherwise noted.) This

appeal was filed on behalf of "C. Rouss Gallop, Director, State Department of Public Health and Welfare" on June 14, 1962.

At the threshold of the case we face appellant's contention that this court has appellate jurisdiction under § 191.130 on the theory said Director is a state officer within Art. V, § 3, Mo.Const., V.A.M.S., vesting appellate jurisdiction of civil cases here where "any state officer as such is a party"; and that White v. State Social Security Comm. and Jones v. State Dept. of Public Health & W., hereinafter discussed, should no longer be followed.

This proceeding was styled before the Director of the Department of Public Health and Welfare as follows: "In re: Mrs. Minta Dunnegan [followed by her address], Applicant for Benefits, to-wit: Old Age Assistance." In the Circuit Court of Butler County, it is captioned: "Mrs. Minta Dunnegan, Plaintiff, vs. Division of Welfare, Defendant." It acquired the following caption in appellant's "Affidavit for [Notice of] Appeal": "In the Matter of Minta Dunnegan, Old Age Assistance Claimant, Plaintiff, vs. C. Rouss Gallop, Director, State Department of Public Health and Welfare, Defendant"; and is carried in this court as shown in the caption to this opinion.

Prior to Laws 1945, pp. 945–957, §§ 1–37, Missouri had, among others a State Board of Health (Ch. 57, Art. I, RSMo 1939), a Board of Managers of the State Eleemosynary Institutions (Ch. 51, Art. I, Id.), and a State Social Security Commission (Ch. 52, Art. I, Id.). In the reorganization of the Executive Departments of the State Government under the 1945 Constitution (Art. IV, § 12), the above-named boards and commission were abolished and discontinued and all their existing powers and duties, with any additional powers and duties thereafter assigned, were to be administered by the State Department of Public Health and Welfare then created and established by Laws 1945, aforesaid. Con-

sult, so far as involved, now Chapters 191, 207, 208.

The law provided for the control and administration of said Department of Public Health and Welfare "by a director of public health and welfare." Laws 1945, p. 946, § 2; § 191.020. It directed the appointment of a director for each of the three divisions of said Department, "namely: the division of health, the division of mental diseases, and the division of welfare." Laws 1945, p. 947, § 6; § 191.060, RSMo 1949, V.A.M.S. All the powers and duties of the State Social Security Commission were transferred to the State Department of Public Health and Welfare to be assigned to the Division of Welfare within said department. Laws 1945, p. 945, §§ 1 and 31; see § 191.010. Said Division of Welfare was vested with the administration, among other things, of the law relating to pensions and old age assistance. Laws 1945, p. 954, § 32; § 207.010. Under Laws 1945, p. 954, § 33, the Department of Public Health and Welfare on behalf of the Division of Welfare had power: "(1) To sue and be sued." § 207.020. The repeal and reenactment of said § 207.020 by Laws 1961, p. 532, provided: "In addition to the powers, duties and functions vested in the division of welfare by other provisions of this act or by other laws of this state, the division of welfare shall have the power: (1) To sue and be sued." Consult also § 208.110.

Appellant points to no specific provision of the limited authority conferred upon the "[D]irector of the department of public health and welfare" by § 191.130 for vesting jurisdiction of this appeal here under Art. V, § 3, Mo.Const., but stands on the general assertion that § 191.130 repealed former statutory provisions, and White v. State Social Security Comm., 1940, 345 Mo. 1046, 137 S.W.2d 569 [3], and Jones v. State Dept. of Public H. & W., 1962, Mo. App., 354 S.W.2d 37 [1], should no longer be followed.

Section 191.130, enacted 1 Laws 1947, p. 315, § 10a, provides: "For all debts and demands whatsoever due any of the institutions subject to the control of the department of public health and welfare, and all damages for failure of contract, and for trespass and other wrongs to the institution or any property thereof, real or personal, actions in any court of competent· jurisdiction may be maintained in the name of the director of the department of public health and welfare."

It has been often said that Missouri courts of appeals are courts of general appellate jurisdiction; that the Missouri Supreme Court is a court of limited appellate jurisdiction, and that our jurisdiction should affirmatively appear of record. Haley v. Horwitz, Mo., 286 S.W.2d 796 [3–5]; Fowler v. Terminal Rd. Ass'n, Mo., 363 S.W.2d 672 [3]. We have also considered, in effect, that our jurisdiction was not subject to the mere stroke of a pen in an attempt to cast an appeal to this court. Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 459, 97 S.W. 908.

The provision "actions * * * may be maintained in the name of the director of the department of public health and welfare" of § 191.130 implies permissive and not mandatory action by said director. Since 1937 the quasi-public corporate entity charged with the administration of the social security law has had power to sue and be sued. Laws 1937, p. 470, § 4; RSMo 1939, § 9399; Laws 1945, p. 954, § 33; § 207.020, last reenacted in Laws 1961, p. 532. Section 191.130 is restricted to specified matters. Appeals involving rulings on the eligibility of applicants for old age assistance are not among the subject matters where the director may maintain the action. The statutory public quasi corporation is the interested party. The State Department of Public Health and Welfare has considered itself to be the proper legal entity on appeal in like actions. See, among others, Velghe v. State Dept. of Public H. & W., Mo.App., 362 S.W.2d

747, 750, 751; Davis v. State Dept. of Public H. & W., Mo.App., 274 S.W.2d 615. Such action accords with the White and Jones cases, supra; and see the reasoning in Parker v. Unemployment Compensation Comm., 358 Mo. 365, 214 S.W.2d 529, 532, 534.

We said in the White case, supra, 137 S.W.2d 569, 570 [3]: "It is suggested that a 'State Officer is a party.' However, no individual officer is a party. The parties are the applicant and the State Social Security Commission. It is not a state officer because it is a legal entity and a quasi public corporation as we have held in the case of the State Workmen's Compensation Commission, the State Highway Commission, and the State Public Service Commission, and for the same reasons. [Citing authority.]" The White case further held, supra [4], that the applicant's eligibility for old age pension or assistance was involved and not a construction of the revenue laws of the state within Art. V, § 3, Mo.Const. See also the Parker case, supra, 214 S.W.2d l. c. 534 [10]. The Jones case, supra, follows the White case. A like situation exists on this appeal. There is no contention that the monetary amount involved vests jurisdiction here. Consult, in this connection, § 208.150, subd. 1.

Appellant has failed to establish that jurisdiction of this appeal is in this court and that we should chart a course different from that laid down in the White and Jones cases, supra.

Under the authorities this review should be transferred to the Springfield Court of Appeals. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.