Perry William SHEPHERD, Appellant,

v.

DEPARTMENT OF REVENUE of the State of Missouri, Safety Responsibility Unit, P. O. Box 506, H. J. Turnbull, Supervisor, and A. C. Abbott, Respondents.

No. 49760.

Supreme Court of Missouri,

Division No. 1.

Sept. 9, 1963.

O. E. Brown, Sedalia, for appellant.

Thomas F. Eagleton, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondents.

**HOUSER, Commissioner.**

The director of revenue, charged with the duty of revoking vehicle operating privileges under the "point system," § 302.-304,[1] revoked plaintiff-appellant's chauffeur's license for a 12-month period. Plaintiff filed a petition for review in the circuit court of the county of his residence under § 536.100 et seq., of the Administrative Review Act, Chapter 536, as provided for by § 302.311, joining as defendants "Department of Revenue of the State of Missouri, Safety Responsibility Unit, P. O. Box 506, Jefferson City, Missouri, H. J. Turnbull, Supervisor, and A. C. Abbott." The cause was tried by the circuit judge and judgment was rendered affirming the action of the director of revenue. Plaintiff has appealed to the Supreme Court.

Appellant asserts that this Court has jurisdiction "under Article V, Sections 2 and 3 of the Constitution of the State of Missouri, and for the further reason that the Department of Revenue of the State of Missouri is one of the parties to this suit." Respondents claim that we have jurisdiction "inasmuch as state officers, as such, are parties to the suit."

■■ Examining the matter of jurisdiction sua sponte, as it is our duty to do, we find no ground for the exercise of jurisdiction by this Court. Neither the Department of Revenue of the State of Missouri nor the safety responsibility unit of that department, is a "state officer" within the meaning of the constitutional provision.[2] Defendant H. J. Turnbull is named in the caption as supervisor of the safety responsibility unit, and defendant A. C. Abbott is sued in his individual capacity. The Missouri Blue Book 1961–1962 lists H. J. Turnbull as supervisor of driver's license registration, not supervisor of safety responsibility. According to that publication A. C. Abbott was supervisor of the safety responsibility unit. The supervisors of these divisions of the department of revenue are not state officers. A "state officer" within the meaning of Article V, Section 3, of the constitution V.A.M.S. regulating the jurisdiction of this Court must exercise a portion of the sovereign power of government *independently* and without control of a superior power other than the law.[3] These supervisors are employed by and under the supervision, direction and control of the director of the department, and do not act independently or without control of a superior power other than the law. Section 32.050, V.A.M.S., as amended Laws 1957, p. 496, § 1; Laws 1958, 2nd Ex.Sess., p. 170, § 1.

1. All section and chapter citations refer to RSMo 1959, and V.A.M.S.

2. See State ex rel. Gehrs v. Public Service Commission, 338 Mo. 177, 90 S.W.2d 390, State ex rel. State Highway Commission v. Hudspeth, Mo.Sup., 297 S.W.2d 510, Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529, Trokey v. United States Cartridge Co., Mo.Sup., 214 S.W.2d 526, White v. State Social Security Commission, 345 Mo. 1046, 137 S.W.2d 569, and Howell v. Division of Employment Security in Department of Labor and Industrial Relations of Missouri, 358 Mo. 459, 215 S.W.2d 467, which hold that neither the public service commission, the state highway commission, the industrial commission, the social security commission nor the division of employment security of the department of labor and industrial relations is a "state officer" within the contemplation of the constitutional provision.

3. As in the case of a "state officer" within the meaning of Article VII, Section 13 of the constitution, prohibiting the increase of the compensation of state officers during the term of office. State ex rel. Webb v. Pigg, 363 Mo. 133, 249 S.W.2d 435.

At the last session of this Court we retained jurisdiction in a driver's license revocation case in which the director of the department of revenue, sued in his official capacity, was the defendant, and in which a constitutional question was raised, Wilson v. Morris, Director of Revenue of Missouri, Mo., 369 S.W.2d 402, but the director of the department is not joined as a party defendant in the case before us now; nor is any constitutional question raised, and none of the other grounds for invoking the jurisdiction of this Court, as provided for in Article V, Section 3, supra, exist.

Accordingly, we order the cause transferred to the Kansas City Court of Appeals.

COIL, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.