MORRIS ROSENTHAL, Respondent, v. ST. LOUIS, IRON
MOUNTAIN AND SOUTHERN RAILWAY
COMPANY, Appellant.

**St. Louis Court of Appeals, April 15, 1890.**

Railroads: STATION AGENTS. Though the station agent of a railway
company is a special agent, he is presumed as an incident to his
position to have authority sufficient to enable him to attend to the
safe loading of freight at his station, and, therefore, to contract
on the part of the railway company for work on cars which is
essential to the safe loading of such freight.

*Appeal from the St. Francois Circuit Court.*—HON.
JAMES D. FOX, Judge.

AFFIRMED.

*Henry G. Herbel*, for the appellant.

(1) The court erred in admitting illegal and irrel-
evant testimony offered by plaintiff against defendant's
objection. *Wells v. Railroad*, 35 Mo. 164; *Brown v.
Railroad*, 67 Mo. 122; *Diel v. Railroad*, 37 Mo. App.
454. (2) The court erred in overruling defendant's
demurrers to the evidence. *Sloan v. Railroad*, 58 Mo.
220; *Railroad v. Pratt*, 89 U. S. 123; *Snyder v. Rail-
road*, 60 Mo. 419; *Farber v. Railroad*, 32 Mo. App.
378; *State v. Young*, 12 S. W. Rep. 881. (3) The
court erred in refusing to make the declarations of law
prayed for by defendant.

*Henry S. Shaw*, for the respondent.

(1) Defendant's instructions did not declare the
law, and were properly refused. *Harrison v. Railroad*,
74 Mo. 364; *Pruett v. Railroad*, 62 Mo. 540; Redfield

on Railways, p. 113 ; Story on Agency, secs. 127–443.
(2) The agent's authority was within the scope of
his employment. 74 Mo. 364 ; 62 Mo. 540. (3) The
agent's prominence and conduct established a course
of dealing from which his authority could have been
presumed. *Loomis v. Railroad*, 17 Mo. App. 340 ;
*White v. Railroad*, 19 Mo. App. 400 ; *Sewing Mach.
Co. v. Railroad*, 70 Mo. 672. (4) The actual knowl-
edge of the practice need not be shown by direct evi-
dence ; it may be inferred from circumstances. *Barry
v. Railroad*, 98 Mo. 62.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to recover twenty-six dollars and
ninety-five cents, alleged to have been expended by the
plaintiff at the defendant's request, in lumber, nails and
labor, in repairing certain of defendant's grain cars,
during the years 1883, 1884 and 1885. The plaintiff was
a shipper of grain in bulk at Delassus station upon the
defendant's road, and there was evidence tending to
show that the repairs, made by him on the cars, were
made with the consent of the defendant's station agent
during the period mentioned, and that the charges
were reasonable. The station agent sent the claim to
the company, which, after retaining it for several
months, declined to pay it. The repairs consisted of
patching the floors of the cars, and making grain doors,
when such doors were insufficient to carry bulk grain
with safety. There was evidence tending to show that
the station agent knew of these repairs, and that the
company had paid for materials used in similar repairs,
both before and after the period of time sued for herein.
There was no evidence that it expressly agreed to pay
for the particular material and work sued for herein,
but there was evidence that the work done was benefi-
cial to the company, that it retained the material fur-
nished, and never forbade the doing of the work,

although it knew constantly of its being done. Upon these facts, the court, which tried the case without a jury, found for the plaintiff. The errors assigned are that the court admitted illegal evidence, and erred in refusing to give proper declarations of law, asked by the defendant.

The following extract from the testimony of a disinterested witness, which is not gainsaid by anything in the record, will best illustrate under what circumstances these repairs were made:

"*Q.* It was of no permanent use or benefit to the cars, the kind of work that was done on them, shipping as grain cars? *A.* Yes, sir, I thought it was, very often there was holes in the bottom of the cars that you could put your foot through.

"*Q.* These cars had not been used for shipping grain in the bulk? *A.* Well, the majority I had anything to do with had, they were called grain cars, they were ceiled on the inside.

"*Q.* They had doors that you could make fast? *A.* Well, they had outside doors, a great many of those that he repaired had no doors, we had to make inside doors for them.

"*Q.* They were not properly grain cars then, they were not made so as to hold grain without loss? *A.* They were sent in for that purpose, they would order grain cars and that was the kind they sent in."

The testimony objected to consisted of conclusions drawn by witnesses from these facts, to the effect that the work was accepted by the company, and of proof of the station agent's knowledge of and consent to the repairs, which the defendant objected to as irrelevant, because the station agent could not bind the defendant by acts not within the scope of his authority. As there is substantially no controversy whatever about the facts of the case, we consider the rulings of the court, on these matters, as not affecting the question of plaintiff's

right of recovery one way or another, and hence as not assignable for prejudicial error.

It is not claimed that, if these repairs had been made by the plaintiff, without the request, express or implied, of the company, he could recover their cost. The carrier, and not the shipper, has to determine the sufficiency of the cars, in the first instance. If any loss occurs to the shipper through their defect the carrier is responsible to him, but that does not authorize the shipper to remedy the defect at the carrier's expense. *Sloan v. Railroad*, 58 Mo. 220. This entire case, therefore, hinges on the proposition, whether the station agent's request that these repairs be made, under the facts shown, was within the scope of his authority; because, if it was not, there can be no recovery in this case.

The defendant contends that we cannot take judicial notice of the authority of a station agent; that he is a special agent who can bind his principal neither by his contracts nor by his torts, not within the scope of his official power and duty. That proposition is not denied and has repeatedly been applied where persons dealt with employes of railroad corporations. *Tucker v. Railroad*, 54 Mo. 177; *Brown v. Railroad*, 67 Mo. 122; *Farber v. Railroad*, 32 Mo. App. 378. We conceive, however, that its application to the facts of this case is in no way opposed to the right of plaintiff's recovery. We cannot take judicial notice that the authority of a station agent is greater than the work intrusted to his charge necessarily demands, but we must assume that his authority is sufficient to enable him to attend properly to work which is under his immediate charge and control. The loading of freight is part of the station agent's duties, and it is a necessary incident to such a duty, that the freight should be safely loaded. If the station agent himself had incurred an expense for material, absolutely essential to secure the safe loading

of the freight, he unquestionably would have bound the company for the expenses thus incurred ; and we can see no difference in principle between the case, where the expense is incurred by him, and where it is incurred by the shipper at his request upon an implied understanding, resulting from the course of dealing, that the shipper would be reimbursed.

If the so-called repairs herein would have been ought else than work essential to secure the safe loading of the freight, a different question might arise. In *Sloan v. Railroad, supra,* the standards were put upon the cars by the plaintiff voluntarily, without any request, express or implied on part of the carrier, or *any* of its agents, without notice to the carrier, and without even calling its attention to the supposed deficiency. Hence the ruling of the court nonsuiting the plaintiff in that case was unavoidable. It is evident, however, from the language used by Judge NAPTON that if any request of the company's agent, charged with the loading, had been shown in that case, the judgment would have been the other way.

Judgment affirmed. All the judges concur.