### ST. LOUIS & S. F. RY. CO. v. McLELLAND.

(Circuit Court of Appeals, Eighth Circuit. May 31, 1894.)

No. 291.

HEARSAY EVIDENCE—STATEMENTS BY EMPLOYE OF PARTY.

　　A statement by a railway company's section foreman, by whom a colt was found injured near the railway track, that it had been knocked off the track, made some time afterwards to the owner of the colt, not in the transaction of any business with him, and not in the discharge of any

duty for the company, is inadmissible in an action against the company for damages for the death of the colt from its injuries.

In Error to the United States Court in the Indian Territory.

This was an action by John McLelland against the St. Louis & San Francisco Railway Company for injuries to plaintiff's colt, causing its death. At the trial the jury found a verdict for plaintiff. Judgment for plaintiff was entered thereon. Defendant brought error.

L. F. Parker (Edward D. Kenna and H. S. Abbott, on the brief), for plaintiff in error.

T. P. Winchester and W. T. Hutchings filed a brief for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, delivered the opinion of the court.

This is a stock-killing case which comes to this court on a writ of error from the United States court in the Indian Territory. The defendant in error sued the plaintiff in error in the lower court for the loss of a colt, which was about five or six months old at the time of its death. He alleged in his complaint that the defendant company negligently ran one of its trains against and upon said colt, and thereby inflicted such injuries that it died. The jury before whom the case was tried assessed the value of the colt at $500, and awarded the plaintiff damages in that sum. It is not disclosed by the record that any one witnessed the accident by which the colt is said to have been injured. The animal was found by the defendant's section foreman from 50 to 125 yards distant from the defendant's railroad track, with one of its hind legs broken, and with some bruises on its shoulder and hip. It was surrounded at the time by a herd of 15 or 20 cattle, who were running around and over the colt in an excited condition, and there were indications that the colt had been lying at the place where it was found for some time before it was discovered by the defendant's section foreman. In the course of the trial the plaintiff was permitted to testify, in his own favor, that the section foreman told him that "the colt had been knocked off the track." The interview at which this statement was made appears to have taken place some time after the colt was discovered by the section foreman, and there is nothing in the record which shows that the statement was made by the foreman in connection with the transaction of any business with the plaintiff, or in the discharge of any duty which he had been deputed to perform for and in behalf of the defendant company. Moreover, the record clearly shows that the foreman had no knowledge whether the colt had or had not been knocked off the track by a passing train, except such knowledge as he may have acquired by inference, from the nature of the injuries which the colt had sustained, and its proximity to the railroad track when it was discovered. This testimony was duly objected to by the defendant company on the ground that it was hearsay, and its admission has been properly

assigned for error. We think it obvious that the testimony was improperly admitted. It is a fundamental rule that statements made by an agent are not admissible against his principal, unless they are made in the course of some business transaction in which the agent is authorized to represent his principal, or unless the statements made are so coincident with the act or event out of which the suit originates as to form a part of the res gestae. The statement said to have been made by the section foreman to the plaintiff was not admissible against the defendant company, within either branch of the rule last stated. So far as the record shows, he had not been deputed to conduct any negotiation with the plaintiff which rendered any statement by him, with reference to the manner in which the colt had been injured, either relevant or pertinent. The statement in question was also made at a period of time so remote from the occurrence of the injury that it was not a part of the res gestae, but was merely a narrative of a past transaction. There are very many cases in which testimony of the same character has been held inadmissible, but we will only refer to a few which bear a very strong analogy to the case at bar. Smith v. Railway Co., 91 Mo. 58, 61, 3 S. W. 836; Packet Co. v. Clough, 20 Wall. 528, and citations; Railroad Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. 118; Worden v. Railroad Co. (Iowa) 33 N. W. 629; Railway Co. v. Reeves (Ky.) 11 S. W. 464.

An exception was also taken to the action of the trial court in refusing to direct a verdict for the defendant, but, as the case must be reversed for the reason above indicated, it is unnecessary to consider the last mentioned exception. The evidence on a second hearing of the case may be altogether different from that reported in the present record.

The judgment is reversed, and the cause remanded, with directions to award a new trial.