## CHICAGO & A. RY. CO. v. COX.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1906.)

### No. 2,301.

1. RAILROADS—ACTION AGAINST FOR NEGLIGENCE—PLEADING.

A petition in an action against a railroad company, based on Rev. St. Mo. 1899, § 2864, which makes such companies liable for damages caused by the negligence of "any officer, agent, servant, or employé * * * whilst running, conducting or managing any locomotive, cars,"

etc., need not allege in terms that the negligence was that of an officer, agent, or servant, but is sufficient where it alleges that the negligence was that of the company in running a locomotive or cars.

2. SAME—EVIDENCE—DECLARATION OF AGENT.

In an action against a railroad company to recover for the death of a person who was struck and killed by an engine while at work at a station at night unloading bedding into stock cars from a wagon, a statement made by defendant's station agent, in response to an inquiry by a fellow workman with deceased, that there was no train coming, and that they could go ahead and bed the cars, was admissible as a declaration made in the course of his duty as defendant's agent, both as evidence of a license or permission to go upon the tracks to do the work, and as bearing upon the issue of contributory negligence, and was sufficient to require the submission of such issue to the jury.

3. TRIAL—INSTRUCTIONS—REFUSAL OF REQUEST.

Where the petition in an action against a railroad company for the negligent killing of plaintiff's minor son alleged two statutory grounds of recovery, and evidence was introduced in support of both, but it was conceded that as to one no right of recovery was proved, it was error tending to mislead the jury to refuse an instruction definitely withdrawing such issue and the evidence offered in support thereof from their consideration.

In Error to the Circuit Court of the United States for the Western District of Missouri.

W. C. Scarritt (J. K. Griffith and Elliott H. Jones, on the brief), for plaintiff in error.

John T. Harding (R. B. Ruff and W. C. Todd, on the brief), for defendant in error.

Before SANBORN, HOOK and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This action was instituted by defendant in error to recover damages occasioned by the death of her minor son, Syburt Cox. She alleges in her amended petition that the railway company, the plaintiff in error, negligently operated one of its engines and tenders, and that as a result thereof her son, while working for an outside contractor, but with the license and permission of defendant, in bedding live stock cars standing on defendant's tracks at Marshall, Mo., was struck and killed. Defendant, by its answer, denies the alleged negligence, and pleads contributory negligence by decedent. Plaintiff recovered a judgment in the Circuit Court for $5,000. Defendant by this writ of error seeks to reverse the judgment, because, as appears by the assignment of errors, the trial court erred: (1) in holding that the amended petition stated a cause of action; (2) in refusing to peremptorily instruct the jury in favor of the defendant: (3) in admitting certain testimony over defendant's objections; and (4) in refusing to give instructions to the jury requested by defendant, and also in some other respects. These will be briefly noticed.

It is contended that plaintiff's petition is founded upon either sections 2864 or 2865 of the Revised Statutes of Missouri of 1899. The first-mentioned section subjects defendant, as the owner of a railroad, to liability for the negligence of its officers, agents, servants, or employés while running, conducting, or managing any locomotive, etc.,

in the fixed sum of $5,000; the second subjects it to liability for any wrongful act, neglect, or default in a sum not exceeding $5,000. The petition, when carefully examined, discloses averments apparently asserting a right of recovery under either of those sections. It is averred with much particularity that defendant in the nighttime negligently ran its engine and tender at an excessive rate of speed, without either a warning whistle, bell, or light, against the wagon from which decedent, with the knowledge and permission of defendant, was pitching straw or hay into freight cars, and thereby caused his death. It is also alleged that it was the duty of defendant to provide and maintain suitable, convenient, and safe means of access to cars furnished by it for transportation of live stock, so that they could be bedded and prepared for the reception of live stock. A breach of this duty is then pleaded, and finally, by way of summing up the actionable conduct of defendant, plaintiff avers that the excessive speed, failure to ring a bell, sound a whistle, or carry a light, or otherwise warn decedent of his danger, and "failure of defendant to construct and maintain a convenient, suitable, and safe means of access to said cars, so that the same could be used in bedding the same, were all and singular reckless, careless, and negligently done by the said defendant, and in utter disregard of the safety and life of the said Syburt Cox." Then, after pleading a certain ordinance of the city of Marshall limiting the rate of speed for engines and cars in the limits of that city to six miles per hour, the petition closes thus:

"Plaintiff further states that by reason of the said recklessness, carelessness, and negligence of the defendant herein, the said Syburt Cox was killed, and this plaintiff injured and damaged in the sum of five thousand dollars ($5,000.00)," for which she prays judgment.

Much evidence was offered and received at the trial tending to show the impossibility of unloading hay or straw into the stock cars from the north side, where there were no tracks, and the consequent necessity of driving along the passing track on the south side of the line of stock cars, and stopping on the track at the side doors of each car for that purpose. By motion for an instructed verdict at the close of all the evidence defendant challenged plaintiff's right to recover on the pleadings and evidence adduced. Its counsel now urge that the petition was insufficient (1) because it contained no averments that the actionable negligence was that of "any officer, agent, servant or employé of defendant whilst running, conducting or managing any locomotive, cars," etc., within the letter of section 2861, supra, and (2) because the petition and proof show that there was no liability against defendant for failure to use ordinary care in providing a reasonably safe place for employés other than its own to work in.

The petition was not obnoxious to the first objection. If it charged only that the defendant itself committed the negligent acts complained of, without averring that it acted through its officers, agents, servants, or employés in running or conducting the engine, it would be sufficient, certainly, as against a general demurrer. A corporation can act only through its officers, agents, servants, or employés, and a railroad company cannot run an engine except by an officer, agent, servant, or em-

ployé. If it was negligent in the operation of its engines or cars, some of its officers, agents, or employés were necessarily the persons guilty of the negligence. But in view of the averments of the petition the objection is not in fact well taken. It charges specifically enough that the defendant was on the night in question acting through its officers, agents, and employés, and that the actionable negligence was that of its officers, agents, and employés. It is not required even in ideal pleading to repeat an averment once sufficiently and clearly made.

It is conceded by plaintiff's counsel that the petition was obnoxious to the second objection; but, notwithstanding that concession, the case could not have been taken from the jury, as the other ground of negligence and proof tending to support it remained.

It is next contended that the trial court erred in admitting evidence of witness Brown concerning declarations made by Mr. Cornette, the station agent of the defendant at Marshall, Mo., to Jake Williams, a colored man who was working with decedent, as the two last-named persons drove past the depot on the night in question on their way to bed down the cars. It appears that the company had for many years maintained stock pens at Marshall, and permitted shippers to bed cars there before cattle were put in them, substantially as done on the occasion in question. It appears further that decedent and Jake Williams, on the occasion in question, entered upon defendant's right of way immediately west of the depot, of which Cornette had charge. As they passed the depot, Williams, who was driving, jumped off, leaving decedent in charge of the team, and went up to the window of the office where Cornette was, and had a conversation with him, returned to the wagon, and drove on with decedent. They soon made their way, whether directly on the railroad track or circuitously does not appear, to the south side of the stock cars, stopped on the passing track, and busied themselves in pitching the bedding from their wagon into the cars. At this juncture the collision occurred. Witness Brown was asked if he heard the conversation between Williams and the station agent, and he said he did, and, on being asked to state it, said:

"The nigger asked Cornette if there was any trains coming, and Cornette told him no, there was no trains coming; to go on down to the cars; said he could have been there an hour ago and bedded them; said the cars was in an hour."

There was no error in admitting this declaration of the station agent. He was there as the agent of the defendant at that station. This much his title and conduct clearly indicate. He was held out as defendant's agent, was in charge of its place of business, was approached and questioned as its representative concerning its current business under his immediate charge and coincident with its transaction. From these facts it appears, prima facie, at least, that he was a special agent of defendant, and as such his declaration in the line of his duty and while discharging it bind the defendant. St. Louis & S. F. Ry. Co. v. McLelland, 10 C. C. A. 300, 62 Fed. 116; Rosenthal v. St. Louis, I. M. & S. Ry. Co., 40 Mo. App. 579; Bachant v. Boston & Maine Railroad, 187 Mass. 392, 73 N. E. 642, 105 Am. St. Rep. 408. The declaration was admissible for two purposes—as evi-

dence of a license or permission to decedent and his working mate to enter upon the track of the defendant to perform the work of their master in bedding the cars, and as information touching the running of trains bearing upon the issue of contributory negligence.

There was no error in refusing to give the instruction asked by defendant that decedent was guilty of such contributory negligence as precluded recovery by plaintiff. There was evidence tending to show that he did not go upon the track as a trespasser, heedless of imminent danger, as disclosed in cases cited by defendant's counsel, (Missouri Pac. Ry. Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921); but rather as a licensee, with the assurance given by defendant's managing agent of no present peril.

Defendant's counsel requested the court to charge the jury that plaintiff was not entitled to recover any damages, under section 2865, Rev. St. Mo. 1899, i. e., for the consequence of any "wrongful act, neglect or default of defendant" as distinguished from the consequence of the negligence of its "officers, agents, servants or employés whilst running, conducting or managing any locomotive, car," etc. After careful consideration of the pleadings, evidence, and proceedings below, we are of opinion that that request should have been granted. It is conceded by plaintiff's counsel that the only right of action she had was predicated on the provisions of section 2864; in other words, that no right of action arose to her by reason of the failure of defendant to provide and maintain a suitable, convenient, or safe means of access to the cars which required bedding. We have already observed that plaintiff's petition asserted a right of recovery for such failure, and that there was much evidence before the jury tending to show facts from which they might have believed that defendant failed to do its duty in that respect. The court's charge ignores the phase of the petition and the evidence last referred to, and properly treats the case as if predicated on section 2864 alone; but in no part of its charge is the jury advised that they must disregard such evidence as proof of any dereliction or wrongful act of defendant entitling plaintiff in this case to recover. In harmony with that theory of the law, the court properly charged the jury that the measure of damages was $5,000, fixed in the event they found for the plaintiff. In this condition of the pleadings, evidence, and charge, it is obvious that the jury, unless properly instructed, might have considered the evidence before them concerning the unsafety of the place sufficient to warrant a finding for plaintiff, and that the evidence of negligence in running the locomotive was not sufficient; and, although the statute in the former case warrants recovery of only compensatory damages not to exceed $5,000, the jury were required by the charge to fix the damages at $5,000, however much that sum might exceed compensatory damages. To obviate this possible and quite probable confusion, the court should have given the instruction requested by defendant's counsel, and should have advised the jury that the evidence concerning the unsafety of the place would not, in itself, justify a verdict for plaintiff. This would have limited the jury's consideration to the issue of negligence on the part of defendant's officers, agents, and ser-

145 F.—11

vants while operating the engine and tender. If they found for plaintiff on this issue, the recovery would have been for $5,000, if against the plaintiff, there would have been no recovery at all.

Plaintiff's counsel earnestly contend that the charge given by the court to the jury substantially covers the proposition involved in the instruction requested by defendant's counsel, and sufficiently clears up the confusion that might have resulted from the evidence before the jury; but after a careful consideration of it we are unable to think so.

Some other assignments of error relating to the admission of evidence and charge to the jury have been carefully considered, but we discover nothing in them prejudicial to defendant. For failure to give the instruction requested by defendant or its equivalent, and for that reason only, the judgment must be reversed, with directions to grant a new trial.