MARTHA KELLER, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—137 S. W. (2d) 989.

Springfield Court of Appeals. March 5, 1940.

*Roy McKittrick* and *Aubrey R. Hammett, Jr.,* for appellant.

*G. Purd Hays* for respondent.

FULBRIGHT, J.—This is an appeal by the State Social Security Commission, from a judgment reinstating respondent, Martha Keller on the old age assistance rolls, at the sum of $11 per month. Respondent had been placed on the old age assistance roll and subsequently removed. Thereupon she appealed to the State Social Security Commission for a hearing, which was granted on May 17, 1938. On June 8, 1938, the Commission found claimant did not come within the purview of the State Social Security Act. Consequently she appealed to the Circuit Court of Christian County. That court, after hearing all the evidence, found for respondent. The judgment is as follows:

"The court finds the issues in favor of plaintiff and this being an action by the plaintiff for reinstatement on the Missouri State Old

Age Assistance Rolls, the court hereby orders that the plaintiff, Martha Keller be and she is hereby reinstated on said Assistance Rolls at the sum of $11.00 per month.''

In its motion for a new trial, one of the grounds alleged by appellant is, ''The court erred in determining the amount of the monthly benefit and erred in fixing said amount of monthly benefits at $11.00.'' The motion for a new trial was overruled, whereupon an appeal was duly granted to this court.

The errors assigned are as follows: (1) Said finding and judgment of the court is against the law. (2) The court erred in determining the amount of monthly benefits said respondent shall receive and erred in fixing said amount of monthly benefits at $11.

It is not contended by appellant that the trial court was without jurisdiction to hear the cause or to reinstate respondent on the roll, but it insists that the court had no jurisdiction under the State Social Security Act to place respondent on the roll at any fixed amount.

A determination of the issue involved requires a construction of section 16, page 475, Laws of 1937, which was in full force and effect at the time the instant case was tried. Said section reads as follows:

''If an application is not acted upon within a reasonable time after the filing of the application, or is denied in whole or in part, or if any benefits are cancelled or modified under the provisions of this Act, the applicant for pensions or old age assistance, or aid to dependent children may appeal to the State Commission in the manner and form prescribed by the State Commission. The State Commission shall upon receipt of such appeal give the applicant reasonable notice of and opportunity for a fair hearing. The State Commission shall determine all questions presented by the appeal. Any applicant aggrieved by the action of the State Commission in the denial of benefits in passing upon the appeal to the State Commission may appeal to the Circuit Court of his or her judicial circuit within ninety days from the decision appealed from, by giving the State Commission notice of such appeal. Such appeal shall be tried in the circuit court de novo on the sole question of whether the applicant is entitled to benefits and not as to the amount thereof, and the circuit clerk shall notify the State Commission of such decision. If the judgment be in favor of the applicant, a certified copy of same shall be mailed to the State Commission. Appeals may be had from the circuit court as in civil cases.''

In construing this statute the following well established rule should be kept in mind: Where the language of a statute is plain and unambiguous nothing contrary to the evident intent can be implied. [State ex rel. Jacobsmeyer v. Thatcher, 92 S. W. (2d) 640, 338 Mo. 622.] A statute should be so construed as to give effect to the legislative intent. [State ex rel. Wabash Ry. Co., 106 S. W. (2d) 898.] A statute that is clear in its terms and leaves no room for construction must be enforced as written. [Dahlin v. Missouri Commission for

Blind, 262 S. W. 420.] Moreover, when the right of appellant is purely statutory, as in the instant case, the legislature may restrict the circuit court to such matter or matters as it deemed proper. [Magee v. Mercantile-Commerce Bank & Trust Co., 98 S. W. (2d) 615; Lucitt v. Toohey Estate, 89 S. W. (2d) 662; Western Tie & Timber Co. v. Naylor Drainage Dist. No. 1, 126 S. W. 499.]

The applicable portion of section 16, page 475, Laws of 1937, *supra*, reads as follows: "Such appeal shall be tried in the circuit court *de novo* on the sole question of whether the applicant is entitled to benefits and not as to the amount thereof,· . . ." This language is clear, definite, specific and certain. There is no ambiguity or uncertainty as to the legislative intent and purpose and under such provision, the circuit court was without jurisdiction to determine the amount of old age assistance respondent should receive.

Furthermore, section 17, page 475, Laws of Missouri, 1937, which provides that all benefits granted may be reconsidered by the State Administrator as frequently as he may deem necessary, and after such further investigation the amount of a benefit may be changed or entirely withdrawn, indicates that it was the intent of the Legislature to vest in the Commission the sole power to fix the amount of monthly assistance of all persons on the Old Age Assistance Roll. The determination of the monthly payments to be made, under a fair and reasonable interpretation of the statute, as it existed prior to 1939, was lodged with the State Commission. This same statute grants to an applicant for old age assistance the right of appeal. The right is purely statutory. This being the case the Legislature had the right to limit the issues to be determined on such appeal. The Legislature, by Act approved March 7, 1939, repealed section 16, *supra*, and enacted a new section in lieu thereof, to be known and numbered as section 16, and, although it was enacted subsequent to the trial of this case, we think it throws some light upon the intent and purpose of the original section 16. Relative to the authority of the court on appeal, section 16, page 736, Laws of 1939, among other things states, "If the court shall decide, for any reason, that a fair hearing and determination of the applicant's eligibility and rights under this act was not granted the individual by the State Commission, or that its decision was arbitrary and unreasonable, the court shall, in such event, *remand the proceedings for redetermination of the issues by the State Commission.* (Italics ours.)

It is our conclusion that the trial court, under the provisions of section 16, page 475, Laws of 1937, had the right to restore respondent to the old age assistance roll, but was without authority to fix the monthly allowance at $11 or any other amount, not withstanding our holding in the case of Hughes v. State Social Security Commission, 128 S. W. (2d) 671, which does not definitely pass upon the issue confronting us in the instant case.

The judgment of the circuit court should be modified by striking out that portion fixing the monthly allowance to respondent at $11; the judgment, as thus modified, is affirmed and the cause remanded with directions to the Commission for rehearing; the Commission to make such monthly allowance as it deems proper, not inconsistent with this opinion. *Tatlow, P. J.,* and *Smith, J.,* concur.