ISAAC R. JOHNS, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—143 S. W. (2d) 161.

Springfield Court of Appeals.   July 12, 1940.

Rehearing Denied, Aug. 22, 1940.

*Roy McKittrick* and *Aubrey R. Hammett, Jr.,* for appellant.

*Omer E. Brown* for respondent.

FULBRIGHT, J.—Respondent, Isaac R. Johns, was accepted and placed upon the State Old Age Assistance Rolls and was thereafter removed from same on the grounds that he had an adequate income and no need of public assistance, within the meaning of the Social Security Act. His case was closed June 31, 1938. On November 30, 1938, he filed his application for an appeal with the State Social Security Commission, which commission duly notified him that a hearing would be held on the 18th day of July, 1939, at the Social Security office in the city of Ozark, Missouri. After a hearing on that date the Commission made the following finding and award:

"That the claimant has income, resources, support and maintenance to provide a reasonable subsistence compatible with decency and health and is not found to be in need. Therefore, claimant does not come within the purview of the statute and application for old age assistance is denied."

Thereafter, upon receipt of plaintiff's affidavit of appeal, to the Circuit Court, the State Social Security Commission filed with the Circuit Clerk of Christian County a certificate of appeal, dated September 1, 1939, wherein it was certified that, "Hereto attached are Application for Hearing, Notice of Hearing, a complete transcript of the evidence given at the hearing, decision of the State Commission and Notice of Appeal to the Circuit Court of Christian County, and the same are herewith certified to the court." It further appears that

on the 15th day of August, 1939, respondent filed his petition in the circuit court alleging his wrongful removal from the Old Age Assistance Rolls and praying for his reinstatement thereon.

The evidence certified by the commission to the circuit court is before us and has been carefully examined. No statement, brief or argument has been furnished by respondent, but appellant has furnished us a reasonably fair statement of the facts, which we adopt and is substantially as follows:

"This Respondent under the evidence owns four horses he valued at $200, and thirteen head of cattle, consisting of seven milk cows, three yearlings and three little jersey calves, all of which he valued at $200. He also owns four pigs and a gilt, and the evidence discloses that he had on hand $10.51 cash.

"In May, 1934, his wife died, and at that time he deeded the 111½ acre farm to his single daughter, with whom he is now living, for the reason that he did not desire to make a will. His daughter was fifty years of age.

"This respondent does the chores on the farm, milks one cow and his daughter milks the other four, and he helps feed. His son does most of the heavy farm work, the respondent, his father, supervises the work. The son gives him one-half of the crop raised. Last year they raised corn, vegetables and truck patches. This year they have fifteen acres of corn, four acres of cane and some potatoes planted.

"They were only milking five cows at the time of the trial. He also stated that his daughter gives him one-half derived from the sale of the cream. He needs no medical care and cannot do much heavy work, if any, and cannot do much walking.

"The Soil Conservation check is made out to this respondent, who testified his daughter could have it because it belongs to her, that it comes in his name because he is overseer. His daughter permits him to keep the check to pay the interest and taxes and it does not quite cover same.

"The Social Security worker testified, without objection, that she checked the Ozark Cheese Factory records in Ozark, Missouri, in June, 1938, to determine how much cream this respondent sold to them. She checked the sales herself and for a period of one year the average monthly sale amounted to $17.04 per month. This respondent testified that the sale of cream did not always amount to $8 for every two weeks. During the winter months it was less. At the time of the trial the sale of the cream amounted to $7. He was unable to give the total number of eggs sold during a month, stating that he could not remember, that he was rather absent minded. He sold a calf this year for $33, ten dollars of which he now had in hand, and that they have butter, eggs, vegetables, milk and some meat which come from the farm for their own use."

Appellant's Assignments of Error are as follows:

## I.

"The court erred in finding for the claimant when under the evidence and the law the finding should have been for the State commission.

## II.

"The court erred in overruling the defendant's motion to strike and objection to the introduction of evidence at the trial other than the record as certified by the commission to the clerk of the circuit court.

## III.

"The court erred in failing to render judgment as provided under section 16, page 735, Laws of 1939.

## IV.

"The court erred in restoring this claimant to the roll on and after March 7th, 1939."

It will be observed that at the time respondent was removed from the Old Age Assistance Rolls the act providing pensions or assistance to persons 70 years of age or over, Laws of Missouri, 1937, page 467, was in full force and effect, but at the time of the hearing on appeal to the Social Security Commission, and at the time of the appeal from the award of said commission to the circuit court, the act "defining and fixing the rights of appeal," Laws of Missouri, 1939, page 736, was in effect, having been passed with an emergency clause and approved March 7, 1939. The law is well settled in this State that a statute purely procedural in character is applicable to all actions including those which have accrued prior thereto, as well as pending and future actions, and that such a statute is not violative of any constitutional provision pertaining to enactments of law of a retrospective character. [Aetna Ins. Co. v. Hyde, 315 Mo. 113, 285 S. W. 65; Aetna Ins. Co. v. O'Malley, 118 S. W. (2d) 3; Lovell v. Davis, 52 Mo. App. 342; 3 C. J., sec. 29, p. 316.]

We therefore hold that this appeal is governed by section 16, page 736, Laws of Missouri, 1939, which became effective March 7, 1939. That section provides, in part, as follows:

"The State Commission, upon a denial of benefits to the applicant, shall, upon request, furnish said applicant with proper form of affidavit for appeal from said Commission to the Circuit Court of the county in which the applicant resides. Upon the affidavit for appeal, duly executed by the applicant before an officer authorized to administer oaths, being filed with the State Commission within ninety days from the date of the said Commission's decision denying benefits to said applicant, the entire record preserved in the case at the time of the applicant's hearing, together with the affidavit for appeal, shall, by the State Commission, be certified to the circuit court of the county

in which the applicant resides and said case shall be docketed as other civil cases except that neither party shall be required to give bond or deposit any money for docket fee on appeal to the circuit court. Such appeal shall be tried in the circuit court upon the record of the proceedings had before and certified by the State Commission, which shall in such case be certified and included in the return of the State Commission to the court. Upon the record so certified by the State Commission, the circuit court shall determine whether or not a fair hearing has been granted the individual. If the court shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this act was not granted the individual by the State Commission, or that its decision was arbitrary and unreasonable, the court shall, in such event, remand the proceedings for redetermination of the issues by the State Commission. Appeals may be had by either party from the circuit court upon the record in the same manner as provided herein for appeals from the State Commission to the Circuit Court and all appeals to the Circuit and Appellate Courts shall be advanced on the docket of said courts for immediate hearing and determination.''

When the right to appeal is purely statutory the Legislature has the authority to restrict the circuit court to such matters as it deems proper. [Magee v. Merc. Com. Bank & Trust Co., 98 S. W. (2d) 615.] It was recently held by this court in the case of Keller v. State Social Security Commission, 137 S. W. (2d) 989, that under the provisions of section 16, page 475, Laws of Missouri, 1937, Missouri Statutes Annotated, section 1296 B-16, page 7478, that while the circuit court was vested with authority on appeal to restore an applicant to the old age assistance roll, it was without authority to determine the amount of old age assistance respondent should receive. Under the provision of section 16, page 736, Laws of Missouri, 1939, it will be observed from the portion of said section heretofore quoted, that the circuit court, on appeal, may, if it "shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this act was not granted the individual by the State Commission, or that its decision was arbitrary and unreasonable, the court shall, in such event, remand the proceedings for redetermination of the issues by the State Commission." This is the only authority granted the circuit court in such proceedings under the law as it has existed since March 7, 1939.

Appellant contends that respondent failed to comply with the requirements on appeal of section 16, Laws of Missouri, 1939, *supra*, and that, therefore, the circuit court was without jurisdiction to hear this appeal. Under section 16, aforesaid, on appeal to the circuit court from the State Social Security Commission, the applicant must, (1) timely file an affidavit for appeal, duly executed before an officer authorized to administer oaths, with said commission; (2) that upon

receipt of said affidavit the State Social Security Commission shall certify to the circuit court the record of the hearing before said commission together with the affidavit for appeal; (3) that such appeal shall be tried in the circuit court upon the record certified by the commission.

While appellant has failed to set forth the affidavit for appeal in the Abstract of the Record, the abstract does show that the State Social Security Commission filed with the Circuit Clerk of Christian County a certificate of Appeal, "upon receipt of plaintiff's Affidavit of Appeal." Moreover, in defendant's motion to strike from the file plaintiff's petition filed in the circuit court on the 15th day of August, 1939, it is stated, "that subsequent to the filing of this petition, counsel for plaintiff filed an Affidavit for Appeal with the defendant and the defendant has certified to the circuit court a record of the hearing before said defendant and plaintiff's affidavit for appeal, as required under senate bill, No. 31, as passed by the 60th General Assembly of Missouri, which is all that is required under the law for an appeal from the decision of the defendants in denying anyone old age assistance."

From the foregoing we must assume that the proper affidavit for appeal was duly filed with the commission. Appellant's motion to strike respondent's petition from the file, should have been sustained since no petition is required under the provisions of section 16, Laws of Missouri, 1939, page 736, *supra*. Nevertheless, failure to do so was in no way prejudicial to appellant and did not constitute reversible error. The cause should have been tried in the circuit court solely upon the record certified by the State Social Security Commission and it was error to permit the introduction of any evidence in the course of the trial, other than that certified by the commission. However, we find in the record the following stipulation:

"It is hereby stipulated and agreed between counsel for plaintiff and counsel for defendant that if the witnesses in this case were present their testimony would be the same as offered and shown in the transcript of the hearing before the State Social Security Commission, this defendant, which has been certified to the clerk of this court.

"Therefore, it is agreed that the evidence introduced at the trial of this cause of action be and is the same as that taken at the hearing before the State Social Security Commission as shown in the certificate of the State Social Security Commission as filed with the clerk of this court."

In the face of this stipulation appellant is in no position to complain. We therefore hold that there was a sufficient compliance with section 16, page 736, Laws of Missouri, 1939, to give the circuit court jurisdiction.

The Act of the Legislature, Laws of Missouri, 1937, page 467, defining the eligibility of applicants for public assistance, was in full

force and effect up to March 7, 1939. Under the ruling in the case of Hughes v. State Social Security Commission (Mo. App.), 128 S. W. (2d) 671, we hold that the evidence, developed before the commission, and which is now before us, clearly established the right of respondent to have his name reinstated on the old age assistance roll, prior to March 7, 1939, and that respondent was arbitrarily removed therefrom.

We further hold that the evidence is insufficient to warrant a finding in favor of respondent under the provisions of section 11, page 738 and section 12, page 735, Laws of Missouri, 1939, which became effective March 7, 1939. Under these sections, if the "earning capacity, income, or resources, whether such income or resources is received from some other person or persons, gifts or otherwise," are "sufficient to meet his needs, for a reasonable subsistence, compatible with decency and health" the applicant is not entitled to assistance. This, however, should not be construed as barring respondent from making a new application for assistance under the present act.

It is therefore the order and judgment of this court that the cause be reversed and remanded to the circuit court with directions to that court to remand the proceedings to the State Commission for redetermination of the issues herein, and particularly as to assistance to which respondent may be entitled between the date of his removal from the old age assistance roll and March 7, 1939. *Tatlow, P. J.*, and *Smith, J.*, concur.