**Stephen H. SULLIVAN (Claimant) (Plaintiff), Respondent,**

v.

**STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE (Defendant), Appellant.**

No. 29588.

St. Louis Court of Appeals.

Missouri.

Nov. 7, 1956.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., Elmore G. Crowe, State Dept. of Public Health & Welfare, Jefferson City, for appellant.

Jesse M. Owen, Union, Mo., for respondent.

HOUSER, Commissioner.

This is an appeal by the State Department of Public Health and Welfare from a

judgment of the Circuit Court of Franklin County finding and adjudging as arbitrary and unreasonable the decision of the director of the department that Stephen H. Sullivan is ineligible to receive old age assistance benefits.

Based on evidence taken at a hearing before a referee the director found that claimant, a widower, owned three life insurance policies having a total cash surrender value of $568.88, and that in May, 1954 claimant paid a chattel mortgage of $700 on his son's automobile, with no agreement as to repayment. Citing Sec. 208.010, RSMo 1949, V.A.M.S., and Departmental Regulation No. 14 [1] the director ruled that claimant was ineligible for benefits because he had resources in excess of $500, and he had transferred $700 in cash without receiving fair and valuable consideration therefor, within a period of five years prior to the date of the investigation. On appeal the circuit court ruled that the cash surrender value of the policies was neither "cash or securities" nor "resources" within the meaning of the paragraphs of Sec. 208.010, supra, prohibiting payment of benefits to a claimant who owns cash or securities of $500 or more or who has resources sufficient to meet his needs for reasonable subsistence compatible with decency and health, and further ruled that the $700 paid by claimant to discharge the mortgage on his son's automobile did not render claimant ineligible for benefits at the time of the ruling by the circuit court; that claimant's ineligibility on this account [2] ceased after October, 1955. The circuit court remanded the cause to the director for redetermination.

■ The law in force and effect at the time of the hearing governs in the disposition of this claim.[3] The hearing was held on May 24, 1955. At that time the applicable law was Sec. 208.010, supra, as amended by Laws 1953, p. 644,[4] under which the payment of benefits are prohibited to any person who: (1) within five years has made a voluntary assignment, conveyance or transfer of property for the purpose of rendering himself eligible for or to increase his need for benefits (any such transfer without receiving fair and valuable consideration is presumed to have been made with such purpose); (2) owns or possesses cash or securities in the sum of $500 or more; (3) owns or possesses property of any kind or character or has an interest in property the value of which is in excess of $5,000; (5) "has * * * resources * * * sufficient to meet his needs for a reasonable subsistence compatible with decency and health."

■■ On this appeal the sole question is whether there is substantial evidence in the record to support the decision of the director denying the application for old age assistance. If so, his decision is binding upon the court of appeals. Bollinger v. State Dept. of Public Health & Welfare, Mo.App., 254 S.W.2d 257. That there is substantial evidence to support both findings of fact upon which the director's decision was based is manifest from a review of the record.

With respect to claimant's ineligibility by reason of the ownership of life insurance policies having cash surrender values exceeding $500: It was admitted by claimant

---

1. Which provides: "A single individual owning insurance with a cash or loan value of $500 or more will not be considered eligible for assistance on the basis of available resources * * *."

2. Under paragraph (1) of Sec. 208 010, supra, as amended Laws 1953, p. 644, § 1; Laws 1955, p. 689, H.B. No. 106.

3. Even as the eligibility of an applicant for assistance must be based upon his condition *at the time of the hearing*. Edwards v. State Social Security Commission, Mo.App., 187 S.W.2d 354.

4. Laws 1955, p. 689, H.B. No. 106 did not become effective until ninety days after May 31, 1955, the date of adjournment of the 68th General Assembly.

that he had three certain paid-up life insurance policies. A division caseworker testified that she secured from claimant authorization to write the three insurance companies with respect to the cash surrender values of these policies and that she did so. In answer to these letters of inquiry the caseworker received by mail three letters on the stationery of Royal Neighbors of America, Modern Woodmen of America and American Mutual Life Insurance Company, dated December 22, 1954, March 22, 1955 and December 10, 1954 signed "Margaret Walker, Supreme Recorder," "John C. Phillips, National Secretary, by R. C. Willis, Chief, Claim Department," and "R. L. Smith, Actuarial Assistant," stating that the policies had cash surrender values of $138, $209.88 and $221, respectively. These letters were produced and introduced in evidence over the objection of counsel for claimant that the letters were hearsay; that he could not cross-examine the writers of the letters; that the policies (which contain no provisions for cash surrender values) speak for themselves, and that the letters constitute a collateral attack upon the policies.

■  The letters were declarations against interest and as such were admissible in evidence as an exception to the hearsay rule, notwithstanding the fact that the declarants were not parties to the action, Moore v. Metropolitan Life Ins. Co., Mo.App.; 237 S.W.2d 210, and notwithstanding there was no proof as to the genuineness of the signatures. Hays v. General Assembly American Benev. Ass'n, 127 Mo.App. 195, 104 S.W. 1141; Kloes v. Wurmser, 34 Mo.App. 453. The declarations in the letters that there were cash surrender values were made by agents of the companies in the course of their duties. Such declarations, made in the face of the fact that there were no such provisions in the policies, were directly and immediately against and adverse to the interests of the companies at the time the letters were written, an interest so apparent as presumably to have been in the minds of the writers

of the letters. The writers of the letters were unavailable as witnesses by reason of absence from the jurisdiction. The letters meet all of the tests for the admission in evidence of declarations against interest. Osborne v. Purdome, Mo.Sup., 250 S.W.2d 159; Tennison v. St. Louis-San Francisco Ry. Co., Mo.Sup., 228 S.W.2d 718; McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548; Neely v. Kansas City Public Service Co., 241 Mo.App. 1244, 252 S.W.2d 88; Chicago & A. R. Co. v. Cox, 8 Cir., 145 F. 157, 76 C.C.A. 127. Nor was their admission in evidence foreclosed by the fact that the letters contradict the policies which contained no cash surrender provisions. Considering the evidence most favorable to support the decision of the director, as we must do, Collins v. Division of Welfare, 364 Mo. 1032, 270 S.W.2d 817, we are satisfied that the unequivocal declarations against interest contained in the insurance companies' letters that the policies have certain cash surrender values constitute substantial evidence of the fact.

■  With respect to claimant's ineligibility by virtue of his transfer of property without receiving consideration therefor: There was substantial evidence that approximately one year previously claimant transferred $700 of his own money to a bank in order to "lift" a chattel mortgage the bank held on an automobile owned by claimant's son. That fact was evidenced by the testimony of the division caseworker as well as by claimant's own testimony. The statutory presumption that such transfer was made for the purpose of rendering claimant eligible for benefits obtains. There was no evidence that the sum was merely a loan or advance, or that the son promised to repay the sum to claimant. No other evidence was introduced for the purpose of attempting to rebut the presumption.

■  After submission of the cause on appeal to the circuit court the circuit clerk, at the direction of the circuit judge, wrote a letter to the director requesting informa-

tion as to the average monthly old age assistance payments in this state during the year 1954. The director answered the letter, supplying the information. When the cause came on for decision on January 3, 1956 the circuit judge directed that the director's letter be marked and made a part of the record of the case. In announcing his decision the circuit judge, apparently having in mind the new provisions of Sec. 208.010, supra, as amended Laws 1955, p. 689, H.B. No. 106 [last sentence, paragraph (1)], ruled that claimant's ineligibility by reason of the transfer of the $700 ceased after October, 1955. This constituted error for two reasons: First, the last sentence of paragraph (1), supra, was not applicable. It had not become effective as of the date of the hearing. See footnote 4. Second, Section 208.100 subd. 4 RSMo 1949, V.A.M.S., provides that the appeal to the circuit court shall be tried and the cause determined upon the record of the proceedings had before and certified by the director. There is no provision for the taking of additional evidence in the circuit court. It was error for the trial judge to admit or consider any evidence in the course of the submission on appeal other than the record as certified by the director. Jones v. State Social Security Commission, 235 Mo.App. 150, 143 S.W.2d 161.

Accordingly, the Commissioner recommends that the judgment of the Circuit Court of Franklin County be reversed and the cause remanded with directions to affirm the decision of the director.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the Circuit Court of Franklin County is, accordingly, reversed and the cause remanded with directions to affirm the decision of the director.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concurs.