Jo M. FERGUSON (Formerly V. E. Barnes) Commissioner, Department of Economic Security, Commonwealth of Kentucky, Appellant,

v.

Evelyn NOE, Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1963.

Paul E. Tierney, Forest Smith, Clarence E. Powell, Department of Economic Security, Frankfort, for appellant.

James C. Brock, Harlan, for appellee.

CLAY, Commissioner.

The Department of Economic Security appeals from a judgment awarding appellee $3400 (with interest at 6 percent from the date of the judgment) as a retroactive award of public assistance payments which should have been made to her as the parent of needy children.

For about 10 years prior to May 1958 appellee had been granted assistance to take care of her needy children because their father was incapacitated from work. Payments were then discontinued on the ground the father's incapacity no longer existed,

and after an appeal within the administrative machinery, this decision was upheld by the Appeal Board. Although KRS 205.230(3) permits an appeal to the circuit court from such a ruling within 20 days, no appeal was taken by appellee from this order.

On January 5, 1959 appellee reapplied for public assistance. After administrative review the application was denied on August 12, 1959. As authorized by KRS 205.230(3), a petition for review was filed in the Harlan Circuit Court.

On April 29, 1960 the circuit court reversed the Department's ruling, and thereafter monthly payments to appellee were reinstated. By a supplemental order the court adjudged appellee entitled to retroactive payments of $148 per month from the date in May 1958 when they were discontinued until April 1960 when they were reinstated, and a judgment against the Department in the amount of $3404 (with interest) was entered. It is obvious this judgment (if any was authorized) improperly imposed on the Department liability for payments allegedly due between May 1958 when they were discontinued and January 5, 1959 when the new application was filed. Appellee failed to appeal from the Appeal Board order discontinuing payments as provided by KRS 205.230, and consequently both appellee and the circuit court were bound by that ruling.

It is the contention of the Department that it cannot be required to make any *retroactive* public assistance payments of this nature. First it is argued that public assistance is based on *current* needs for subsistence of a "needy child" and the computation of amounts payable is controlled by standards adopted by the Department for determining present and future requirements of the recipient. It is contended there is nothing in the public assistance law, regulations or policies which requires or authorizes subsidizing *past* economic difficulties. In addition, the allowance of a substantial lump sum payment such as this would automatically make the recipient of public assistance ineligible for further assistance.

It is further pointed out that there is no evidence in the record justifying the allowance of $148 per month over a prior fixed period of time. Amounts allowable are dependent upon existing and changing future circumstances, not past conditions.

It is finally contended the circuit court is invading the field of administration vested in the Department under KRS 195.020 in allowing retroactive payments which are inconsistent with the policies and regulations of the Department.

■ We are confronted with imponderables in this case because the statutory scheme is not complete. Apparently a person is entitled to public assistance under Chapter 205 KRS upon an adequate showing of (1) eligibility, and (2) need (assuming proper compliance with statutory provisions and the regulations of the Department). Certainly the applicant has no right to an allowance until the Department has determined the question of eligibility (which was done in this case by order of August 12, 1959). Under KRS 205.230(3) a dissatisfied applicant may secure judicial review of an adverse decision.

■ The time lag between the decision of the Department and the circuit court decision on review creates the principal difficulty. The adjudication of the court must be based on conditions shown to exist as of the date of the administrative decision. By the time the judicial decision is made conditions may have changed and it is for that reason the Department contends the court cannot enter a judgment having a retroactive effect. We cannot accept this argument because it would make every judicial review moot.

■ There is no authority, however, for the circuit court to enter a judgment such as the one we have before us. Although the Department does not contest

the adjudication that its finding of eligibility was erroneous, upon such a determination the judgment of the court is restricted by the provisions of section (6) of KRS 205.230. This section provides:

"The court shall enter judgment affirming, modifying or setting aside the order, or decision, or in its discretion remanding the cause to the appeal board for further proceedings in conformity with the direction of the court."

■ Under this section the court could properly set aside the Department's order finding appellee ineligible for public assistance. The remaining question, which the Department must originally pass upon, is the one of *need*. This question was not presented for review, and even if it had been, the court was without authority to fix the amount of payments and could only remand the case to the Department for further proceedings. See Johns v. State Social Security Commission, 235 Mo.App. 150, 143 S.W.2d 161. The circuit court clearly is not authorized to award a money judgment against the Department.

■ We are not in a position on this record to direct specific action be taken by the Department upon remand of the case. However, in view of the uncontested adjudication by the circuit court that appellee had established her eligibility for public assistance as of August 12, 1959, the Department must accept that finding and unless a material change of conditions is shown to have existed, it must recognize her eligibility as continuing from August 12, 1959 until the date in April 1960 when the Department reinstated payments to her. For this period the Department must determine appellant's then existing needs (for her children) and must award her such an amount as would have been required and would have then been payable from funds available. To make up for any payments that should have been made and were not made, the Department may in its discretion either make a lump sum payment (with general directions for its expenditure) or liquidate whatever obligation is found to exist by supplementing the present and future payments made to appellant for the benefit of her needy children.

The judgment is affirmed to the extent it adjudged the eligibility of the applicant Evelyn Noe and set aside the August 12, 1959 order of the Department, and reversed to the extent it made any award to the applicant or adjudged her a recovery of money against the Department; and the circuit court is directed to remand the case to the Department of Economic Security for further proceedings consistent with this opinion.