**Alline HOGUE, Appellant,**

v.

**COMMISSIONER OF ECONOMIC SECURITY, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Robert C. Carter, Glasgow, for appellant.

Robert Matthews, Atty. Gen., Paul E. Tierney, Forest Smith, Frankfort, for appellee.

WILLIAMS, Judge.

Appellant Alline Hogue received aid for her dependent children periodically from

1952 until sometime in 1963, when her assistance award was discontinued because it was determined by the Division of Public Assistance, Department of Economic Security, that the father of the children was no longer incapacitated. Another request for aid was made in November 1963 and was rejected by the Department (the record does not indicate the date of the order rejecting the request). Appeal to the Referee was taken pursuant to KRS 205.230 (now KRS 205.231). On April 15, 1964, the Referee affirmed the decision of the Department and further appeal was taken to the Appeal Board. On June 8, 1964, the Appeal Board affirmed the Referee's decision and held the appellant ineligible to receive aid for her dependent children. The order of the Appeal Board was then appealed to the Barren Circuit Court (KRS 205.234). On December 4, 1964, that court reversed the order and by a supplemental judgment directed that retroactive payments be made from June 1, 1964 to December 1, 1964. A motion for appeal was sustained by this Court.

Appellant seeks a retroactive award of public assistance from December 1, 1963, the first day of the month following her renewed request for assistance, to June 1, 1964, the date assistance was reinstated by the Barren Circuit Court. The appellee Commissioner of Economic Security does not counterclaim for the retroactive payments directed to be made from June 1 to December 1, 1964. Accordingly, we are not again presented with the propriety of granting retroactive payments. We are limited to deciding whether such payments should have been made for the time elapsing between filing of the application and final decision by the Appeal Board.

We note in passing that a somewhat analogous situation was presented in the case of Ferguson v. Noe, Ky., 364 S.W.2d 650 (1963). There we held that a court may enter a judgment having a retroactive effect on public assistance payments. The reasoning behind our conclusion was it would render every judicial review of a department order moot if all decisions had only a prospective effect. On the other hand, we pointed out that the amounts allowable are dependent on existing and changing future circumstances—not past conditions.

■ In any event, we are not presented with the question of authority of the court to make retroactive payments in this case. We are asked to determine when they shall commence after a court orders such payments to be made. It was stated in Ferguson v. Noe, supra, that the applicant has no right to an allowance until the Department has determined the question of eligibility. Certainly then the date the applicant files a request for public assistance has no relevant significance. The date the Department accepts or rejects the request is the accrual date of any right the applicant has to receive assistance. The order of the Referee merely affirms or reverses the decision of the Department and the same is true of the order of the Appeal Board.

■ The record does not reveal the date the Department made a decision on appellant's request. Consequently, we would be unable to state under ordinary circumstances when her rights became vested. But there is another complicating factor in this proceeding. The only evidence of probative value accepted by the circuit court was a doctor's statement presented at the hearing conducted by the Referee that appellant's husband was totally incapacitated from work. In view of the fact public assistance is based upon present and future need, the circuit court could not have found appellant entitled to any assistance prior to the time the Referee's decision was made, because, until that time, there was nothing in the record upon which the court might base such decision. Consequently, the beginning date should have been the date the Referee made his final decision.

The judgment is reversed, with directions that the circuit court enter another judgment consistent with this opinion.

PALMORE, C. J., dissenting.

PALMORE, Chief Justice (dissenting).

My dissent is based on the theory that the courts should not direct retroactive payments in welfare cases. This means that I no longer believe in the soundness of Ferguson v. Noe, Ky., 364 S.W.2d 650 (1963), in which we reached an untenable compromise, as all of the members of the court evidently realize. The difference is that the majority now decides to go all the way back (or to the time of the first departmental decision), whereas I am convinced, as the Department suggested in Ferguson v. Noe, that regardless of how long a claimant may be held up in the process of litigating his claim, the law does not provide and does not intend to provide any "entitlement" to relief until it is ultimately and finally approved. That is because the claimant never is entitled to more than is indicated by his *present condition and prospects.*

The problem was recognized, but not fully digested by any of us, when Ferguson v. Noe was in the process of being decided. Naturally, as lawyers we are schooled and like to think in terms of property rights, such as "vesting" and "entitlement," and sometimes experience difficulty in grasping the welfare-state concepts that underly the type of case now before us. This occupational myopia (of which I do not deny being a victim myself) explains why the majority of the court now says in effect, "This appellant should have had her payments all along. So go back, and give them to her now." In *Ferguson* we saw however that such a result, in a lump sum, would forthwith deprive the recipient of further relief until the money was gone, so it was suggested that the back pay be spread out over future installments. But this too is a fallacious approach, because every dollar of future installments will reduce the recipient's *then present necessity* by the same amount, exactly as if it were an inheritance from a rich uncle instead of "back pay."

This in turn will result in a proportionate reduction rather than a supplementation of *current* payments. So, whatever the claimant receives for back payments he very likely will have to pay in the form of reductions in the future. It comes out the same either way, and to tell him now that he is going to receive back payments is nothing but a cruel illusion. He will not get a cent more unless he dies or goes off the welfare rolls by force of some other circumstance.

It was said in Ferguson v. Noe that if no retroactive relief could be granted, every case of this kind would be moot. I cannot agree. If the claimant's condition remains what it was when the proceeding began, he has an adjudication that he is entitled to relief from now until there is a change of condition.

There is this to be said for the "back pay." It should enable the claimant to pay his lawyer, and I do approve of that.